### BOOMER *vs.* LAINE.

A *justice* has jurisdiction of an action of *covenant*, on the condition of a bond the penalty of which exceeds $50, where the damages claimed do not exceed that sum.

Proceedings in a cause before a justice may be proved by him by the production and verification of his *docket*, but he cannot be permitted to give *parol evidence* of what transpired before him.

In an action against a party who, on the adjournment of a cause, has given a bond to render himself in execution or to pay the judgment, if the plaintiff proves that judgment was obtained, execution issued, and return of *non est inventus* made, evidence that the defendant in the execution had sufficient property to satisfy the same is inadmissible.

ERROR from the Yates common pleas. Boomer sued Laine in a justice's court, and declared against him in *covenant* on a bond, in the penal sum of $100, executed by one *Way*, and by Laine as the surety of *Way*, on the adjournment of a cause depending before a justice of the peace in favor of Boomer against Way, conditioned that Way should render himself in execution, or, in default thereof, that he or his surety would pay such judgment as should be rendered in favor of Boomer. The defendant pleaded *non est factum*. On the trial of the cause, the justice before whom the cause of *Boomer against Way* was prosecuted, proved the execution of the bond, the rendition of a judgment in favor of Boomer against Way for $22,20, the issuing of an execution on such judgment, and a

return of *non est inventus* thereon. The competency of this testimony by *parol*, was objected to, but the objection was overruled. The contents of the *bond* were also proved by *parol*, after accounting satisfactorily for the non-production of the bond ; this evidence was also objected to, and the objection overruled. The defendant offered to prove that at the time of the issuing of the execution against Way, the defendant in the execution had sufficient property to satisfy the same, which evidence was objected to by the plaintiff and rejected by the justice. The defendant moved to be discharged from the suit, on the ground that the bond being in the penal sum of $100, and conditioned otherwise than for the payment of money, the justice had no jurisdiction. The justice decided that he had jurisdiction, and refused the motion. The cause was tried by a jury, who found a verdict for the plaintiff, on which judgment was entered. The defendant sued out a *certiorari*, removing the judgment into the Yates common pleas, in which court the judgment of the justice was *reversed*. The plaintiff sued out a *writ of error*.

*E. Van Buren*, for plaintiff.

*R. N. Morrison*, for defendant.

*By the Court*, NELSON, J. In support of the judgment of reversal rendered by the common pleas, it is urged that the justice erred in admitting *parol proof* of the judgment in the suit in which the bond declared on was given, and that therefore the judgment of the justice was rightly reversed ; in answer to which it is said that the proof being by the oath of the justice before whom the proceedings were had, the evidence was competent within a provision of the revised statutes, 2 *R. S.* 270, § 248. The terms of the statute would seem to warrant such conclusion, yet I cannot think that such was the intention of the legislature, or that the section referred to necessarily requires such construction. In the preceding section, the legislature had provided for the proof of a justice's judgment by a transcript from his docket, authenticated in a particular manner ; and where, in the next section, it is said,

UTICA,
July, 1833.

Boomer
v.
Laine.

" The proceedings in any cause had before a justice may also be proved by the oath of the justice," I apprehend that no more is meant than that the *docket* may be proved by the justice, in the manner that justices' judgments were proved previous to the provision making transcripts evidence, i. e. by the production of the docket, verified by the oath of the justice ; and not that the justice may give *parol evidence* of the contents of the docket. In *Posson* v. *Brown*, 11 *Johns. R.* 166, it was decided that parol evidence of the proceedings before a justice is not the highest or best evidence in the power of the party, and the judgment in that case was reversed on that ground, though the justice himself was the witness. The revisors, in their note to § 248, speak of it as declaratory of existing adjudications, and cite 3 *Johns. R.* 429, which sustains the revisors, as I understand the section. The justice therefore erred in receiving parol evidence of the judgment of Boomer against Way, and the common pleas did right to reverse his judgment.

The justice correctly overruled the objection to the parol proof of the contents of the bond ; its non-production being sufficiently accounted for. He was right also in rejecting the evidence offered by the defendant, that *Way* had sufficient property to satisfy the execution against him at the time it was issued, (on the assumption that the judgment had been duly proved,) as the return of the officer was conclusive on that point, 2 *R. S.* 240, § 77 ; and I am of opinion that he also decided correctly on the question of *jurisdiction.* In actions of *debt, covenant* and *assumpsit,* wherein the debt or balance due, or the damages claimed, do not exceed fifty dollars, the justice has jurisdiction. 2 *R. S.* 225, § 2. By the next section, it is declared that an action of *covenant* may be maintained in a justice's court on the condition of a bond, although the penalty exceeds $50, if the condition is for the payment of a *sum of money* not exceeding $50. This section is obviously declaratory only of what the law was at the time of its enactment ; it introduces no new rule. By the very terms of the *second* section, the action of *covenant* may be sustained upon the condition of any bond where the damages claimed do not exceed $50 ; and the *third* section should not be construed as restraining, in any manner, the construction to be fairly

given to the second section. There is no reason for limiting in suits before justices, the action on bonds the penalty of which exceeds $50, to those, which are conditioned for the *payment of money* only ; there is nothing which requires such limitation, save the maxim of *expressio unius est exclusio alterius,* which, it is conceived, cannot be applied literally in the construction of the revised statutes. It is well known that many principles and rules of the common law, as well as of adjudged cases, are incorporated into those statutes merely for the sake of making them statute law, and for no other purpose ; and the literal application of the above maxim, in many cases, would be productive of great and serious inconvenience. For the reasons, however, above assigned, the judgment of the common pleas must be affirmed.

Judgment affirmed.