## DAVID WOOD *v.* JOSEPH DOANE.

If a sheriff's sale of property be valid as against the debtor, it is also valid as against his creditors, so far as it can be sustained independently of any consent of the debtor, and is free from all collusion on his part.

Any informality in the proceedings of the sheriff, upon such sale, will not defeat the title of the purchaser, if the proceedings be substantially in conformity to the law, even where it appears upon the face of the return. .

If the return of the officer show a regular sheriff's sale, that is conclusive between the parties.

TRESPASS for taking certain personal property. Plea, the general issue, with notice of special matter of defence, and trial by jury, December Term, 1847,—DAVIS, J., presiding.

It appeared, that the property, when taken, was in the possession of one Hurlburt, and was taken by the defendant, as deputy sheriff, as the property of Hurlburt, in a suit against him. The plaintiff claimed title to the property under a sheriff's sale of the same, as the property of Hurlburt, upon an execution in favor of one Merriam against him, and gave in evidence the record of the judgment and the execution, with the officer's return thereon showing such sale to the plaintiff. The defendant then offered to prove, by parol evidence, that the officer, who held the execution for collection, adver-

tised that the property would be sold at the dwelling house of one Stratton on a certain day; that on the day of sale the officer went to Stratton's, and found that the property was at the house of Hurlburt, as well as the persons assembled to attend the sale, which was about one hundred rods from Stratton's, where the sale was advertised to be held, and that, from the depth of snow, it would be difficult to move the property to Stratton's house; that the officer then went to Hurlburt's house, and declared to the persons assembled, that he adjourned the sale to that place, and then sold the property, at public auction, to the plaintiff, who was the highest bidder; and that, after the sale, the plaintiff permitted the property to remain in Hurlburt's possession, until it was attached by the defendant, as above stated. The plaintiff objected to this evidence; but the objection was overruled by the court and the testimony admitted. It farther appeared, that Hurlburt knew how the property was advertised, and also knew of the adjournment of the sale, and that he was satisfied therewith.

Upon these facts the court directed the jury to return a verdict for the defendant. Exceptions by plaintiff.

*L. P. Poland* for plaintiff.

*W. W. White* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is, whether the sale of the property upon Merriam's execution against Hurlburt is to be regarded as a sheriff's sale. There can be no doubt, that it was sufficient to divest the title of the debtor;—1, Because any informality in the proceedings of the sheriff will not defeat the title of the purchaser, if the proceedings be substantially in conformity to the law, even when it appears upon the face of the return;—2, The debtor assented to the sale's being at the place where it was, or did not object, and was "satisfied";—3, The return of the officer shows a *regular sheriff's sale*, and that is conclusive between the parties.

But if the sale be good against the debtor, so it is also against the creditors, so far as it can be sustained independently of any consent of the debtor, and is free from all collusion on his part. *Burroughs*

v. *Wright*, 16 Vt. 619. *Jones* v. *Martin*, 7 Vt. 92. That this is a sufficient sheriff's sale has already been shown,—the consent, or " satisfaction," of the debtor being unnecessary to constitute it a valid sale, it being sufficient upon two other grounds. That the proceeding of the sheriff was in fact strictly *in invitum* there can be no doubt. There is no pretence of any collusion.

Judgment reversed and case remanded.