EGERY & HINCKLEY, Respondents, *v.* WILLIAM BUCHANAN, and his Sureties, Appellants.

A Sheriff's return is not traversable, and a Court will not permit it to be attacked collaterally, even if the officer is shown to have been guilty of fraud and collusion.

Where a Sheriff fails to pay over money collected on execution, the action should be for a false return.

The statute penalties against Sheriffs, for the non-payment of moneys collected on execution, are only recoverable when the Sheriff, by his return, admits the collection of the money, but refuses to pay it over.

The law presumes that every officer will faithfully perform his duties, until the contrary is shown.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

On the 4th day of August, 1852, the respondents commenced an action by attachment, in the District Court of the Fourth District,

against T. A. Thomas and others, and sent their writ of attachment to the County of El Dorado. On the 10th day of August, 1852, the writ of attachment was levied upon a quartz mill and machinery of the said Thomas and others, by Buchanan, one of the appellants, who was then the Sheriff of said County. On the 18th day of January, 1853, judgment was recovered by the respondents against Thomas and others, for the sum of $2,345 96. On the same day a general execution was issued upon this judgment, and delivered to Buchanan. On the 18th March, 1853, Buchanan made a return of "*nulla bona.*" On the 30th of March, 1853, an *alias* execution was issued upon the judgment, and sent as the first ; and on the 21st of April following, the same return was made as before.

On the 9th of February, 1852, Nathan Harris commenced an action in the District Court of the Eleventh District, for the County of El Dorado, to enforce a mechanic's lien upon the property mentioned ; and on the 28th of May, 1852, recovered a judgment against Thomas and others, for the sum of $900 and costs, and on the 2d day of September, 1852, an execution was issued, directing the sale of the property to satisfy the judgment. On the 30th of October following, the property was sold under the said judgment, by Buchanan, for the sum of $3,000. The judgment in favor of Harris, was satisfied out of the proceeds of the sale, and a balance of $1,897 00 remained in the hands of Buchanan.

On the 12th day of August, 1852, B. F. Langford commenced an action in the District Court of the Eleventh District, for El Dorado County, against the same defendants, to enforce a mechanic's lien upon the same property for the sum of $1,200, and on the 10th day of May, 1853, recovered judgment for the sum of $1,459 00 and costs, and directing the sale of the property to satisfy the amount of the judgment. An order of sale was issued upon the judgment, and placed in the hands of Buchanan. On the 13th of May, 1853, upon receipt of the order of sale, Buchanan applied the sum of $1,563 45, (this being the amount of Langford's judgment, with costs,) of the $1,897, before mentioned, to the payment of Langford's judgment and costs, There remained in his hands after this application, the sum of $333 55, of the proceeds of sale under Harris' judgment.

On the 11th day of August, 1852, A. L. Chilton commenced an action, by attachment, against Thomas and others, for $4,720, in the said District Court for El Dorado County, and on the same day the writ of attachment was levied by Buchanan, upon the property mentioned. On the 11th day of May, 1853, judgment was rendered in favor of Chilton, for the sum of $3,368 50 and costs, and the judgment directed the sale of the attached property to satisfy the amount. On the 1st day of June, 1853, an order of sale was placed in the hands of Buchanan, in pursuance of this judgment, and on the 21st day of June, 1853, he applied the balance of the proceeds of sale under Harris' judgment, to writ : the sum of $333 55, to the payment of the judgment in favor of Chilton.

The respondents, on the 7th of December, 1853, upon affidavit and motion, obtained a rule upon the appellants, from the District Court of the Fourth District, for the County of San Francisco, to show cause why they should not pay to Respondents the sum of $2,345 96, the amount of the judgment rendered in favor of respondents, with twenty-five per cent. damages, and interest at the rate of ten per cent. per month, from the 24th day of January, 1853. The appellant, Buchanan, appeared, and answered to the rule, and showed for cause the facts as they are above set forth. After hearing, the Court made an order requiring Buchanan and his sureties to pay to the respondents, the sum of $1,897, with twenty-five per cent. damages and interest, at the rate of ten per cent. per month, from the 24th day of Januaary, 1853, to the time of the entry of judgment—amounting to $6,708 32, with costs. From this order this appeal is taken.

*L. Aldrich* and *J. R. McConnell*, for Appellants.

The remedy adopted by the respondents was improper. The appellant having made his return of "*nulla bona,*" the Court below could not question it in a summary proceeding ; the party aggrieved should have resorted to his action for a false return. 20 Wend., 622. 12 Ohio R., 220. Sawyer *v.* Curtis, 2 Ashmead, 127. 5 Wharton, 150. The section of the statute under which the motion was made, does not contemplate a case of this kind. See Comp. Laws, p. 713, § 9.

*A. Williams* and *G. B. Tingley*, for Respondents.
Cited no authorities.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The plaintiffs have mistaken their remedy ; they are concluded by the return of the sheriff, and their action must be for a false return. A sheriff's return is not traversable, and a Court will not permit it, collaterally, to be attacked, even if the officer is shown to have been guilty of fraud and collusion. Sewell on Sheriffs, 387. Watoon on Sheriffs, 72.

It is urged, that the statute of this State, giving extraordinary damages against the sheriff for failing to pay over money collected on execution, has affected or altered the rule at common law. There is no reason for this position, and very strong reason against it. The statute penalties are only recoverable when, by the return of the sheriff, he admits the collection of the money and refuses to pay it over. If it were otherwise, an error in judgment, or even a hesitation to decide between adverse claimants, might work the ruin of any honest and conscientious officer. The statute gives twenty-five per cent. damages on the amount collected, and ten per cent. per month in addition, from the time of the demand. It will hardly be pretended that cases do not often occur, where the sheriff, on account of contests between creditors, and his own inability to decide the right, declines a demand, which turns out to have been justly and properly made. In such a case, to deprive him of the benefit of his return, and visit upon him the heavy penalties of the statute for failing to pay the money on demand, would be a cruelty and injustice which the law never contemplated. The argument that sheriffs will avail themselves of this doctrine, and make false returns, so as to avoid the penalties of the Act, is without any weight, and not entitled to consideration.

The law presumes that every officer will faithfully perform his duty, and has done so in every instance, until the contrary is shown ; a fortiori, it will never bend this principle upon the hypothesis that a a sworn officer of the law will make it a business to commit perjury.

The judgment is reversed, and the motion in the Court below dismissed.