## CARR VS. THE COMMERCIAL BANK OF RACINE.

As between the· parties to a suit, the general rule is, that the return of the officer in relation to the service of process therein is conclusive.

But this rule ought not to be carried so far as to prevent all inquiry into the question of jurisdiction, where an application is made to set aside the judgment because the summons has not been served.

The fact that process has not been served, affords the strongest ground for setting aside a judgment on motion.

In an action against a bank, the sheriff made return that on, &c., he served the summons and complaint on the defendant, "by delivering to and leaving a

Carr vs. The Commercial Bank of Racine.

copy thereof with H. S. D., president of said bank." After judgment by default, the defendant moved to set it aside on affidavits showing that H. S. D. was not its president or other officer at the time of such service. *Held*, that the court erred in denying the motion.

APPEAL from the Circuit Court for *Racine* County.

Action against the defendant as indorser of a note. The sheriff's return indorsed upon the summons and complaint, certified that he served the same upon the defendant on the 28th of December, 1861, "by delivering to and leaving a true copy thereof with Henry S. Durand, the president of said bank." Judgment was taken against the defendant, by default, on the 4th of February, 1862; and in April following, the defendant moved the court to set the judgment aside, upon affidavits of Henry S. Durand and another person, which stated that said Durand, on the 28th of December, 1861, and for a long time previous thereto, was not and had not been "president or other head of said bank, or its secretary, cashier, treasurer, director, or managing agent." The motion was denied and the bank appealed.

*P. B. Ladd*, for appellant, cited *Bloom v. Burdick*, 1 Hill, 130; *Bigelow v. Stearns*, 19 Johns, 39; *Adams's Lessee v. Jeffries*, 12 Ohio, 273; *Mayer v. Griffin*, 7 Wis., 82; *Rape v. Heaton*, 9 id., 328.

*Strong & Fuller*, for respondent, to the point that an officer's return upon a writ is conclusive of the facts properly stated therein, between the parties to the suit and all persons privies, cited *Clough v. Monroe*, 34 N. H., 381; *Messer v. Bailey*, 11 Foster, 9; *Angell v. Bowler*, 3 R. I., 77; id., 84; *Evans v. Parker*, 20 Wend., 622; *Frederick v. Clark*, 5 Wis., 191; *Slayton v. Chester*, 4 Mass., 478; *Bean v. Parker*, 17 id., 591; 2 Cowen & Hill's Notes, 1087–89.

*By the Court*, COLE, J. It can hardly be necessary to go into an examination of the general doctrine as to how far a court may properly go, in inquiring into the existence of juris-

dictional matters in an action upon a judgment, or where the question arises in some collateral proceeding, after the recent decisions of this court upon that subject. In *Rape v. Heaton,* 9 Wis., 329, the matter is very fully considered. That was an action upon a judgment of another state, and in considering the question as to how far the judgment was conclusive upon the parties to the suit, it was held, that in order to give conclusive effect to the judgment, the tribunal by which it was rendered should have jurisdiction both of the parties and subject matter; and that in an action to enforce such judgment, a party might show that the court had not jurisdiction of either, even when the record averred jurisdiction; and more especially might this be done where want of jurisdiction appeared upon the face of the record, or where the record was silent upon the subject. In a still more recent case, that of *Pollard v. Wegener,* 13 Wis., 569, which was an action of ejectment, the defendant, to defeat a recovery, offered in evidence the record in a divorce suit between the plaintiff and his grantor, in which it had been decreed that she should convey to the husband the land in dispute, and that in default thereof the decree should stand for and operate as a conveyance of the title. It appeared from the return indorsed by the sheriff upon the subpoena, that he served the same by leaving a true copy thereof at the "defendant's last and usual place of residence." And although it was recited in an order to take testimony, that the subpoena had been "personally served," and in the decree, that it was "duly served," still it was held that those recitals in the record were not conclusive as to the fact of jurisdiction of the person, but that the court might look at the return upon the subpoena itself, to see if it had been served in conformity to the statute in force, so as to give the court jurisdiction in the divorce suit. It was further said, that it might be shown by competent parol testimony, that the subpoena was not personally served, and that the sheriff who attempted to serve the subpoena might be admitted to prove the manner of the service,

and that though he left the subpœna at the residence of the defendant, yet it was not with or in the presence of any person of the age of ten years or upwards to whom the nature of the process was explained, which was essential to make the service good under the statute. In these cases, it will be observed, the court inquired into the fact, as to whether the tribunal rendering the judgment or decree acquired jurisdiction of the party, before it would give it conclusive effect. And when it found that the tribunal never acquired any jurisdiction of the defendant by a proper service, it refused to give any effect to the record. In *Wanzer v. Howland*, 10 Wis., 8 ; and *Faulkner v. Guild*, id., 563, the question is likewise considered as to how far judgments are held to be conclusive and binding in collateral proceedings. Now the principle of these cases would seem to be decisive of the question arising upon this appeal, unless there is something in the circumstances of the case which renders it inapplicable. Here an application is made in the suit itself, to set aside the judgment, for the reason that the court never acquired jurisdiction of the bank.

If the bank never had any notice of the suit, and was not served with process, should the judgment stand against it? Cannot the court, on the motion to set it aside, inquire into the facts as to whether it ever acquired jurisdiction so as to render the judgment? And if it finds, upon such examination, that no process was ever served upon the bank, ought not the court to set the judgment aside? We have seen that even in collateral proceedings, where the question arises, the court inquires whether jurisdiction was obtained over the defendant, before holding the record conclusive. Are not the reasons equally powerful for doing so in the suit itself, when an application is made to set aside a judgment because the court never acquired jurisdiction? We cannot see why they are not, where judgment was rendered by default, and upon motion to set it aside, most satisfactory evidence is offered showing that the process was never served upon any person

upon whom the statute authorizes service of process in suits against corporations. In suits against corporations the statute provides that process may be served upon the president or other head of the corporation, cashier, treasurer, director or managing agent. (Sec. 1, Chap. 184, R. S.) It was shown that this process was not served upon any of these officers, and, as a matter of course, the court never obtained any jurisdiction of the bank. It seems to us that this is a sufficient ground for setting aside the judgment. This must be so, unless the proposition contended for by the counsel for the respondent is controlling, that as between the parties the return of the officer is conclusive and shuts out all inquiry into the question whether proper service was had or not. The sheriff certified in his return, that on a given day he served the summons and complaint by delivering copies to Henry S. Durand, the president of the bank. The affidavits were offered in evidence to show that Durand was not president of the bank at the time the summons and complaint were served upon him, but had resigned that office some months previous; and the fact was not attempted to be controverted by any opposing testimony. But the evidence was excepted to on the ground that the officer's return was conclusive upon the point, and that it could not be shown that Durand was not president of the bank at the time process was served upon him. And it is said that an officer's return in a suit is conclusive of the facts properly stated therein, as between the parties to the suit and privies, and that if the return is false, the only remedy of the appellant is an action against the sheriff for a false return. The general rule probably is, that as between the parties to the process the return of the officer is usually conclusive. But we do not understand that the rule is unlimited or universal. There are many cases in which the returns of officers are traversed. In actions brought against officers, parties have been allowed to impeach such returns. In *Wendell vs. Mugridge*, 19 N. H., 109, the extent of the rule is stated to be, that the return cannot be

contradicted so as to defeat any right or title acquired under it. In *Galusha vs. Cobleigh*, 13 id., 79, where an officer made return of service of process, "that he left a summons at the last and usual place of abode of the defendant," and a writ of error was brought to reverse the judgment recovered in the suit, on the ground that the defendant was not, at the time of service, an inhabitant of the State, and had no notice of the suit, it was held that the officer's return was not conclusive upon the question of residence or of the presence of the party within the State. While in Connecticut, the returns of officers on mesne as well as final process are held to be, only *prima facie* evidence, even as between the parties. *Williams vs. Cheesebrough*, 4, Conn., 356 ; *Butts vs. Francis*, id., 426 ; *Watson vs. Watson*, 6, id. 334 ; *Sanford vs. Nichols*, 14., id., 324 ; and see also section 29, chap. 133, R. S., and *Weidman vs. Weitzel*, 13, S. & R., 96 ; *Meredith vs. Shewall*, 1, Penn., 495 ; *Smith vs. Law*, 5, Iredell, 197. However, conceding the general doctrine to be, that, as between the parties to the process, the return of the officer is usually conclusive, we still think this rule ought not to be carried so far as to prevent all inquiry into the question of jurisdiction when an application is made to set aside a judgment, because process has never been served. It is a very common thing, under our practice, for courts to set aside, on motion, a judgment, for an irregularity in the proceedings. And although such motions are sometimes granted for insufficient reasons, yet there can be no doubt that the fact that a court has never acquired any jurisdiction whatever of a defendant, affords the strongest ground for granting relief in this manner. It is in violation of all our notions of justice to enforce a judgment against a party who has never had his day in court. And while admitting that the returns of officers are usually held conclusive between the parties, still we can see no reason why the rule should be carried to the extent claimed for it here. Here it was offered to show that Durand had ceased to be an officer of the bank for some months before the

summons and complaint were served upon him. Undoubtedly the sheriff supposed that he was a person authorized to receive service. But in this he was mistaken. It is no unusual thing for an officer to be mistaken in regard to the official character of a person served with process. He has no special means of knowing whether a person is an officer of a corporation or not. He obtains the best information he can upon the subject, and endeavors to make service upon some one whom the statute designates. But it is absolutely impossible for him to know all the officers of corporations upon which he is required to make service of process. If it appears from the return that process has been regularly served, and nothing appears to the contrary, the court is authorized to proceed with the action. If the defendant appears in season, he can avail himself of the objection that service has not been had so as to confer jurisdiction. *Wheeler vs. New York & Harlem R. R. Co.*, 24, Barb., 414. And so obvious a principle would not seem to require any authority to support it. We can see no substantial reason why he cannot take the same objection on a motion to set aside the judgment. We are not aware of any statute which makes it the duty of a sheriff to ascertain and certify whether a person is an officer of a corporation, and on this ground alone the return ought not to be held conclusive of that fact. *Angier vs. Ash*, 6, Foster, 99; *Lewis vs. Blair*, N. H., 69.

It is contended that if the return of the officer is erroneous in stating that Durand was president when process was served, the redress of the bank is by action for a false return. In other words, that the bank must pay the judgment and then trust to the chances of recovering back its money from some irresponsible sheriff or constable. We think this is not so, and that it is not compatible with the rights and safety of a defendant to hold that he may not show, on application to set aside a judgment, that the court never acquired jurisdiction, notwithstanding the officer's return.

It follows from these views that the court should have granted

the motion to set aside the judgment on the ground, that it never had acquired jurisdiction of the bank.

The order of the circuit court is therefore reversed, and the cause remanded for further proceedings according to law.