SCHNEIDER & DAVIS v. F. FERGUSON & SON.

No. 6474.

1. **Pleading—Necessity of Itemizing.**—Suit for damages for the unlawful seizure under attachment of a stock of merchandise. The petition named a number of kinds of goods taken, without giving the number or value of the several items. The petition also averred "that it was impossible to give a better description." *Held*, that

exceptions that the property taken was not sufficiently described should have been sustained.

2. **Same—Excusing Absence of Description.**—Where the circumstances are such that a party can not give an accurate description of his property he should in his pleadings state the facts that render it impracticable.

3. **Levy of Personal Property—Schedule.**—It is the duty of an officer making a levy under an attachment to incorporate or annex to his return a specific description of the articles attached. From such return the defendant in attachment can obtain a description for use in suing for damages or other purpose.

4. **Practice.**—The plaintiff should have alleged that the return of the officer seizing the goods could not be had, or that no description could be had from the records in the attachment suit, to excuse want of items in an action for damages for their seizure.

5. **Officer's Return of Levy Conclusive.**—The return of an officer making a levy is conclusive between the parties, and in an action by a defendant in attachment against the plaintiffs in attachment for damages for an illegal seizure the recovery is limited to value, etc., of the goods shown upon the officer's return. In such suit it is not permitted to go outside of the return, and to recover for property not included in it by showing that additional goods were actually seized.

6. **Sheriff's Return.**—As between the parties to the action in which the return is made, it can not be attacked in a collateral suit, and the remedy of the party aggrieved by an incorrect return is by a direct proceeding to have it amended or by an action against the officer for a false return.

7. **Evidence Upon Issue of Exemplary Damages.**—Plaintiffs in suit for damages, actual and exemplary, for the wrongful seizure of their goods under attachment sued out by defendants, were entitled to prove upon issue of exemplary damages that they had made arrangements to replevy their goods which had been seized before, and that the agent of defendants knew of their arrangements and then secured another attachment upon their goods. It was also competent against plaintiffs to show large indebtedness of one of the firm suing for exemplary damages.

8. **Testimony too Remote.**—It is incompetent against plaintiffs suing for exemplary damages for the wrongful seizure of their goods under attachment to prove that another creditor had made efforts to collect his own debt from plaintiffs without success. Such fact is too remote.

9. **Levy—Foreclosure.**—While the levy and return of the officer making the seizure is conclusive, the judgment of foreclosure in an attachment suit is not, as the foreclosure may not extend to all the property seized.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion gives a statement.

*Crawford & Crawford*, for appellants.—1. In a suit for a trespass upon and conversion of personal property the petition ought to allege the kind, quality, quantity, and value of the property taken and converted. Rev. Stats., art. 1195; Forbes v. Moore, 32 Texas, 197.

2. Where a defective pleading is permitted to stand, as in this case, upon an allegation that "plaintiffs are unable to give a more accurate description of same," and it is developed by the testimony on the trial of the case that by the use of ordinary diligence a complete description of kind, quantity, and value of the goods alleged to have been taken might have been set out in the petition, it is the duty of the court to grant a new trial.

3. An officer executing a writ of attachment shall return the writ with

his action endorsed thereon, and such return shall describe the property attached with sufficient certainty to identify it.    Rev. Stats., arts. 176, 177; Ayres v. Duprey, 27 Texas, 599; King v. Russell, 40 Texas, 131; 2 Whart. Ev., sec. 833; Brown v. Kennedy, 15 Wall., 597.

4.    The court erred in refusing to allow defendants' counsel to prove the individual indebtedness of F. Ferguson, one of the plaintiffs, at the time of the levy of the writ of attachment.

5.    A record of a judgment of a Justice Court rendered in a case within its jurisdiction is in a subsequent suit between the same parties conclusive evidence to every fact proper to have been determined in the first suit, and the rights of the parties upon any controverted fact are concluded by the judgment unless fraud be shown.    Wallace v. Bogel, 62 Texas, 636; 2 Whart. Ev., sec. 819.

*Seay & Lauderdale* and *A. M. Jackson,* for appellees. — 1.    In a suit for damages for an illegal seizure and conversion of a stock of goods by attachment, a petition which states the general character of the stock of goods seized and converted and its value, and that it is not in the power of plaintiffs to give a more accurate description of same because the goods were taken out of their possession by defendants, is sufficient.

2.    Neither the constable's return on the writ nor the judgment of the Justice Court ordering certain property returned as seized under the writ of attachment were conclusive against plaintiffs either as to the property seized or its value.

3.    Neither the existence of an individual debt against F. Ferguson at the date of the levy of the attachment nor the inability of Gluchman to collect a debt off of Ferguson & Son after the seizure of their property by attachment tended to prove the insolvency of Ferguson & Son at the date of the levy of the Schneider & Davis attachment.

GAINES, Associate Justice.— This suit was brought by appellees to recover of appellants damages for the wrongful and malicious suing out of an attachment, and resulted in a verdict and judgment for the plaintiffs for $300 actual and $200 exemplary damages.

The plaintiffs were merchants in the city of Dallas, doing a small grocery business, and were indebted to several creditors, among whom were the defendants.    On the 18th of May, 1881, Morris & Randall sued out an attachment against the plaintiffs and levied it upon a part of their stock in trade.    On the next day Schneider & Davis sued out another, and as shown by the officer's return caused it to be levied upon the remainder of their stock.

The plaintiffs sought in this suit to recover damages resulting to them from the seizure and sale of the goods under defendants' writ, and in their petition for a description of the property alleged "that the stock

of goods on hand at said date consisted of salt, coal oil, apricots in cans, bottles of extract of vanilla, bottles of chow chow, starch, black pepper, cinnamon bark, pipes, cloves, cinnamon pulverized, cayenne pepper, cans of tea, cloves, boxes of stove polish, saucers, powder in cans, cups, ropes, lamp burners, lamp wicks, buckets, sugar, empty barrels, and various other kind of goods usually kept by a retail grocer. Also many articles of personal property necessary for use in connection with such a business which were in the store at said time, and that among such other things was a pair of platform scales and a stove. That all of said property was reasonably worth the sum of $600, and that plaintiffs are unable to give a more accurate description of the same."

The petition was excepted to upon the ground that the property was not sufficiently described. The exception was overruled, and we are of opinion that this was error. It may frequently occur that a plaintiff whose goods have been unlawfully seized may be unable specifically to describe each article so taken. Under such circumstances it would be unreasonable to require a particular description. Such a rule in such cases would result in a practical denial of justice. But we think that where the circumstances are such that a party can not give an accurate description of his property, he should in his pleading state the facts that render it impracticable, and should not rest upon the general allegation that a more particular description is impossible.

In this case the goods were seized under legal process, and it was the duty of the officer who made the levy to incorporate in or annex to his return a specific description of the articles attached (Messner v. Lewis, 20 Texas, 221), and as the law existed at the date of this levy it was the practice of the courts upon rendering judgment against the defendants in the writ to order the sale of the property attached for its satisfaction. The petition alleges with great particularity the issue of the attachment and its levy by the officer, and from the face of it the presumption is that a full description of the goods could have been obtained by resorting to the constable's return or to other records in the court from which the attachment issued.

In our opinion the pleader should have described the goods or should have specifically alleged that the return had been lost and that there was no description of the property seized among the records of the court from which a list could have been made, and should not have relied upon the general averment that a more particular description could not be given.

The question of the effect of the return of the officer on the writ of attachment is presented by the appellants' second assignment of error, and will be next determined.

During the progress of the trial the plaintiffs offered testimony to show the value of their entire stock of goods at the time the sheriff levied the first writ of attachment upon it. The defendants objected, claiming that

the plaintiffs could only recover for the goods levied upon by virtue of their writ as shown by the sheriff's return, and that the testimony as to the value of any other goods was improper. The court overruled the objection and admitted the evidence. We understand the contention of the plaintiffs to have been that the officer's return was incomplete and did not show all the goods actually seized. The officer's return upon the attachment of Morris & Randall against these plaintiffs was introduced in evidence. The return upon appellants' writ could not be found; but the judgment in their case was introduced in evidence, and contained an order directing the sale of the attached property by a specific description of each article. The justice who rendered the judgment testified that the description of the property in the judgment was taken from the constable's return upon the writ and that it embraced all the goods levied upon as shown by that return. His testimony was not controverted. The question is, "should the plaintiffs have been permitted to go outside of the return and to recover for property not included in it by showing that additional goods were actually seized although not so returned by the officer?" We are of opinion that this question must be answered in the negative.

The question of the conclusiveness of a sheriff's return has been frequently before this court. O'Conner v. Silver, 26 Texas, 606; Ayres v. Duprey, 27 Texas. 598; King v. Russell, 40 Texas, 132: Holmes v. Buckner, 67 Texas, 107; Flaniken v. Neal, 67 Texas, 631. In no one of these cases do we understand that it has been held that as between the parties to the suit in which the return is made the return can be impeached in a collateral action. In King v. Russell it seems to be decided that a sheriff might be permitted to testify that a recital in a return on an execution that the property had been pointed out by the plaintiff in the writ was a mistake; but in that case the litigation was between a purchaser under the execution and a stranger to the writ—that is to say, a grantee of the property from the defendant in execution before any lien had attached. In Holmes v. Buckner it is held that a purchaser of land at a sheriff's sale is not concluded by a recital in the return upon the execution, and that there being a discrepancy between such recital and those in the sheriff's deed it was competent to show that the former was the result of a clerical mistake.

In Flaniken v. Neal it was decided that parol evidence was not admissible in a collateral action to show a mistake in a return upon an execution and in the deed made in pursuance of a sale of land under the writ. In other jurisdictions the authorities are overwhelming that as between the parties to the action in which the return is made it can not be attacked in a collateral suit, and that the remedy of the party aggrieved by an incorrect return is by a direct proceeding to have it amended or by an action against the officer for a false return. Miller v. United States, 11 Wall., 294; Brown v. Kennedy, 15 Wall., 597; Kirksey v. Bates, 1 Ala., 303; Newton v. Bank, 14 Ark., 9; Tillman v. Davis, 28 Ga., 594; Rivard v. Gardner, 39 Ill.,

125; Rowell v. Klein, 44 Ind., 290; Tyler v. Smith, 8 Met., 599; Campbell v. Welster, 15 Gray, 28; Frasier v. Williams, 15 Minn., 288; Halowell v. Page, 24 Mo., 590; Bowles v. Bowen, 45 N. H., 124; Castner v. Styes, 3 Zab., 296; Bonner v. Lane, 10 Wend., 525; Paxson's Appeal, 49 Pa. St., 195; Wood v. Doom, 20 Vt., 612; Carr v. Com. Bank, 16 Wis., 50; Green v. Kindy, 43 Mich., 279; Walters v. Moore, 90 N. C., 41; Barrows v. Rubber Co., 13 R. I., 48; Stewart v. Stewart, 27 W. Va., 167; Egery v. Buchanan, 5 Cal., 53.

In the present case the plaintiffs knew that their property had been attached; they made no effort in the court from which the attachment issued to correct the constable's return; and a judgment was rendered directing a sale of the goods attached as shown by the return for the purpose of satisfying the debt. The parties were the same in that suit as in this, and we are clearly of opinion that in this action it was incompetent for plaintiffs to show that there were more goods actually seized by the officer than appeared in his return.

This action being for the recovery of exemplary as well as of actual damages, we think it was proper for the plaintiffs to show if they could that they had made arrangements to replevy the goods attached by Morris & Randall and to go on with their business. It was also admissible for them to prove that these facts were communicated to Holden, who acted as Schneider & Davis' agent in suing out their attachment and who made the affidavit in order to procure the writ.

On the other hand we think the court erred in refusing to allow the defendants to prove the individual indebtedness of F. Ferguson, one of the plaintiffs. The action being for exemplary damages the question of the plaintiffs' credit became involved, and the individual indebtedness of a member of the firm necessarily affected the standing of the partnership. The plaintiffs' goods at the time of the levy of the first attachment were according to their own testimony worth less than $1000. The partnership debts were considerable. Under such circumstances any considerable indebtedness of either partner would when disclosed seriously impair any credit the firm might have had.

There was no error in refusing to allow the witness Gluchman to testify as to his efforts to collect his debt against the plaintiffs. It was a circumstance too remote in its bearing upon the issues involved to be worthy of consideration by the jury.

The court should have charged the jury that in estimating the actual damages of the plaintiffs they should take into consideration the loss on the goods seized by the defendants as shown by the constable's return upon the attachment, and not to take into consideration the loss on any other goods claimed to have been taken by virtue of that writ. It having been proved that the goods condemned to be sold in the justice's judgment embraced all which were shown in the constable's return, it would have been proper for the court to have given the special charge No. 1

asked by the defendant and refused by the court. But we do not assent to the proposition that as a general rule the goods ordered to be sold in a judgment enforcing the attachment lien ought to be held conclusive as to the amount and character of the goods seized under the writ. The plaintiff need not enforce his lien upon all the goods in the hands of the officers and might either purposely or through neglect procure his order to sell a part only.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 6, 1890.