## W. T. Sparks v. Pat McHugh and W. E. Mackay.

### Decided May 27, 1899.

**1.  Pleading—Demurrer—Collateral Attack.**

A petition in the county court for the conversion of cattle to which defendants in their answer deraigned title through execution sales by virtue of executions issued out of a justice court, is not demurrable as being a collateral attack on such execution sales because the replication to such answer alleges that the officer failed to comply with the law in making the levies under the executions and in making a false return thereof, since the court could not determine in advance that the facts alleged in the answer would be proved, and if they were not, plaintiff could recover.

**2.  Levy—Collateral Attack.**

Title to cattle acquired at execution sale made by virtue of an execution in favor of the purchaser can not be defeated in an action of conversion brought against him by the execution debtor because the officer's return of levy under the excution (valid on its face) was in fact false and the levy illegal, since this would be a collateral attack on the officer's return in the original suit by a party to that suit.

Appeal from the County Court of Motley.  Tried below before Hon. A. R. Anderson.

*Snodgrass & Britt*, for appellant.

*W. H. Smith* and *L. S. Kinder*, for appellee.

Stephens, Associate Justice.—Again this case comes before us on appeal, and again must the judgment be reversed.  For the former appeal see 43 Southwestern Reporter, 1045.

Upon the last trial the county judge sustained a general demurrer to the plaintiff's second amended petition and dismissed the suit, because he was of opinion that the court over which he presided had no jurisdiction to set aside execution sales out of a justice court.

The amended petition to which the demurrer was thus sustained stated in unmistakable terms a good cause of action, in that, as in the original and first amended petitions, for which it became the substitute, it alleged that plaintiff Sparks was on and before the 2d day of April, 1897, the legal and equitable owner of "about 500 head of stock cattle branded thus, SWTS on left side and X on right side," ranging in Floyd, Motley and Dickens counties, and that at the date named the defendants "wrongfully and unlawfully took possession of 31 head of said 500 head of cattle branded as aforesaid, and barred out said brands," and put fresh brands upon them, describing the same, and alleging the value of the cattle so converted at the sum of $658.78, and further alleging that the defendants had replevied the cattle under the sequestration process. Other facts showing special damage were alleged, which need not be noticed.

In answering this petition, the defendants deraigned title through execution sales made by virtue of range levies in which the cattle were described as "running at large on the range in Motley County, Texas."

Twenty-five head of the cattle were thus levied on and sold to Pat McHugh, one of the defendants below, under an execution issued out of the Justice Court upon a judgment in his favor against appellant Sparks. The remaining six were sold to the other defendant, Mackay, under an execution issued out of this court for costs in a suit between the same parties. McHugh v. Sparks, 15 Texas Civ. App., 57.

The replication of Sparks to these answers, as set forth in his supplemental petition, was to the effect that the officer failed to comply with the law in several particulars in making the range levies, and particularly that the range levies, and consequently the sales by virtue thereof, were void because the range of cattle was not confined to Motley County, but also extended into Floyd and Dickens counties. On this account the court seems to have treated the entire suit as a collateral attack upon the proceedings in the suit previously disposed of in the Justice Court, and therefore refused to entertain jurisdiction of the case.

It seems to be well settled that it is inadmissible in a subsequent suit between the same parties to attack the return of the officers upon process executed in the prior suit, the remedy of the party aggrieved by an incorrect or false return being confined to a direct proceeding in the original suit to have it amended or to a separate action against the officer for a false return. Schneider v. Ferguson, 77 Texas, 572; Coal Co. v. Lawson, 10 Texas Civ. App., 491, and cases there cited.

This principle might and, we shall see, probably would have defeated any recovery in this case, had it gone to trial on the facts, but the action of the court was premature and erroneous in deciding the case on demurrer. Because the supplemental petition was insufficient as a replication to the answers of the defendants, did not deprive the plaintiff of a hearing upon his amended petition, which, as before seen, stated a good cause of action. We have no means of determining that the facts stated in the answers would have been proven on the trial, and if not proven, the supplemental petition would have been superfluous, and the plaintiff entitled to recover upon proof of the facts alleged in his amended petition.

In view of another trial, we deem it proper to say that, in our opinion, the contention of appellant that the range of his cattle when levied on was in the three counties named, and not merely in Motley County, is not available in this suit to defeat titles acquired at execution sales under such levies, because we construe it to be a collateral attack upon the officer's returns in the original suit to which appellant was a party. Those returns showed, as was held on the former appeal, that the levies were presumptively sufficient. If for defects not appearing on the face of the returns the levies were bad, they should have been set aside by a direct proceeding in the original suit. If the facts be as alleged by appellant in his supplemental petition, the returns were not in strict conformity to the facts, and if not literally false, were at least defective.

In Gunter v. Cobb, 82 Texas, 598, the levies were not attacked collaterally. Cobb, as appears from the original record on file in the trial

court, though not from the case as reported, was the purchaser at execution sales under judgments in favor of other parties against the Stone Pasture and Cattle Company and others, not including, however, the appellants in that case, who attacked the range levies relied on by Cobb as the foundation of his title.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded*