## MICHIGAN STOVE COMPANY v. WACO HARDWARE COMPANY.

Decided October 24, 1900.

**1. Pleading—Attachment—Reconvention—Description of Goods.**

A plea in reconvention for damages from the levy in an attachment suit which describes the property seized as a stock of hardware in certain buildings, was not subject to special exception for failure to specify the articles seized, where plaintiff's amended pleading reciting the levy and sale referred, for a particular description of the goods, to the officer's return indorsed on the writ on file in the case.

**2. Evidence—Amount of Goods—Previous Inventory.**

An inventory of a stock of goods exposed to sale may be admitted, in connection with other evidence, to show what it contained when levied on under attachment two months after the inventory was taken.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*A. W. & W. J. Cunningham*, for appellant.—The court erred in refusing to give the following written charge requested by plaintiff: "On the issue as to whether or not said attachment was wrongfully sued out, you are instructed that any act about to be done by the Waco Hardware Company that would operate to hinder or delay its creditors in the collection of debts, and which the said Waco Hardware Company intended to have that effect, would in legal contemplation be such a fraudulent disposition as would justify an attachment; and you are also charged that the fraud which would justify an attachment does not necessarily have to involve the existence of moral turpitude; but whatever disposition of its property about to be made by defendant with the intent to hinder and delay its creditors in the

collection of their debts, and which would have that effect, would be a legal fraud and would justify an attachment, and so if you find from the evidence that the Waco Hardware Company was so about to dispose of its property with the intent to hinder or delay its creditors in the collection of their debts at the time said attachment was issued, and which it intended to have that effect, then you will find that defendant was about to dispose of its property with intent to defraud its creditors, and unless the defendant has shown by a preponderance of the evidence that it was not so about to dispose of its property, you will find for the plaintiff." Said charge should have been given to the jury as defining and explaining what was meant by fraud in the contemplation of our attachment statutes, and because it presented the law of the subject.

Fourteenth Assignment: The court erred in not submitting to the jury plaintiff's written charge, as follows: "Has the Waco Hardware Company shown by a preponderance of evidence that the affidavit for attachment in this case was false in its statement that defendant was about to dispose of its property with intent to defraud its creditors, and that unless said attachment had issued the Michigan Stove Company would probably have lost its debt? Your answer will be yes or no." Said issue should have been submitted to the jury in lieu of the issue submitted by the court, because the real question is not, was the affidavit true? but it is, had the defendant shown it to be false? Unless the defendant shows the affidavit to be false it can not recover. That is the law, and the jury should be so instructed.

*Boynton & Boynton*, for appellee.

KEY, ASSOCIATE JUSTICE.—The Michigan Stove Company sued the Waco Hardware Company upon account, and at the same time sued out an attachment which was levied upon a stock of merchandise. The hardware company filed a cross-action for damages, alleging that the attachment was wrongfully and maliciously sued out. The hardware company admitted its liability upon the account sued on, and the contest in the court below was over its right to recover damages.

The basis for the attachment was an affidavit, stating, among other things, that the hardware company was about to dispose of its property with intent to defraud its creditors, and that the plaintiff would probably lose its debt unless the attachment issued.

The case was submitted to a jury upon special issues, and they found in effect that both of these statements were untrue. They also found the value of the property attached to be $5000, and judgment was rendered for the defendant on its cross action for $5000, less $1025.15, the amount of the account sued on by the plaintiff.

The plaintiff has appealed and assigns various errors, some of which

were ruled upon by this court when the case was here on a former appeal. See 22 Texas Civ. App., 293.

Before the last trial, the plaintiff filed a first amended original petition, which contained this averment: "That heretofore, to wit, on the 1st day of March, 1897, at the instance of your petitioner, there issued in this cause a writ of attachment, which was levied upon certain goods, wares, and chattels as the property of the said Waco Hardware Company, as shown by the officer's return indorsed on said writ now on file among the papers in this cause, the same having been sold and money therefor now with the clerk of this court." The defendant in its cross-answer averred that the attachment was wrongfully and maliciously sued out, and described the property levied upon as follows: "The entire stock of hardware, farm implements, stoves, house-furnishing goods, etc., located in the storehouse where defendant was then carrying on a retail hardware business and house-furnishing business in the city of Waco and also all the goods located in the warehouse at No. 105½ No. 8th Street, Waco, Texas."

The first and second assignments of error complain of the action of the court in overruling special exceptions to the plea in reconvention challenging its sufficiency, because it did not contain a list and specific description of the several articles of merchandise seized by the sheriff. In support of their contention, counsel for appellant cite article 1266 of the Revised Statutes, and Schneider v. Furgeson, 77 Texas, 572, and other cases following the doctrine announced in that case.

The statute referred to requires a defendant desiring to prove any payment, counterclaim, or set-off, to file with his plea an account, stating distinctly the nature of such payment, counterclaim, or set-off, and the several items thereof; and declares that on failure to do so, he shall not be entitled to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof.

In this case, the plea setting up the counterclaim is not accompanied by an account giving the several items of the property seized; but the plea itself, taken in connection with the admission made by appellant in its amended petition, was reasonably sufficient to give full notice of the character of the counterclaim. If this had been an independent suit for damages, or if appellant had not admitted in its pleading that it had caused the attachment to be levied upon appellee's property, the authorities cited might control and require a reversal of the judgment. But under the circumstances peculiar to this case, we are of the opinion no error was committed in overruling the special exceptions referred to. The stove company's pleading referred to the return of the officer for a description of the property seized, and it was for the seizure of this property that the hardware company sought damages.

We think the inventory of appellee's stock of goods taken January 1st was admissible in evidence, to be considered by the jury in connection with the testimony of the witnesses Storey and Strauss, in determining the identity and value of the property seized. At any rate, the

verdict fixed the value of the property at $5000 only, and appellant stated in its supplemental petition that the property referred to inventoried approximately $5500.

We also hold that the evidence sustains all the findings embodied in the verdict, and overrule the several assignments complaining of certain findings.

The charge of the court is not subject to the criticisms urged against it, and no error was committed in refusing special instructions.

This opinion embodies our conclusions both of law and fact, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.