## Lynch *against* The Commonwealth.

In the absence of any direction from the plaintiff, a sheriff pursues the exigency of his writ of *fieri facias* by selling goods levied on, at a public sale; and if he be guilty of no fraud or neglect in relation to such sale, is not answerable to the plaintiff, although the goods may have brought an inadequate price.

ERROR to the common pleas of *Fayette* county.

This was an action of debt on the official recognizance of D. P. Lynch, former sheriff of Fayette county.

Springer's executors obtained a judgment against N. Mitchell, on which an *alias fieri facias* was issued, returnable to January term 1823, No. 222, by virtue of which the sheriff, D. P. Lynch, levied on sundry articles of personal property of the defendant, subject to a prior *fieri facias*, No. 153 of the same term, in favour of William Barton. William Barton issued a *venditioni exponas* to June term 1823, in obedience to which the sheriff sold the property levied on.

Springer's executors alleged in this suit, that the property was sacrificed, and " proposed to prove the value of one negro woman slave for life, one full set of screw cutting machinery, and three full sets of smith's tools, and one cow, levied on as the property of N. Mitchell, at the suit of Levi Springer, as per No. 222 of January term 1823, already shown to the court and jury in this case. To this testimony the defendants objected, because it appears, that the property was sold on *venditioni exponas*, issued on the *fieri facias*, to which this levy of Springer's was subject." The court overruled the objection, and the defendants excepted.

Much testimony was then given as to the value of the property, and the manner of the sale: by which it appeared, that the sale was conducted in the usual manner in the presence of many citizens, and of the attorney of Barton, the plaintiff in the execution, on which they were sold: but that some of the articles were knocked down very low.

The defendant then requested the court to instruct the jury, " that when the sale is fair, and in the presence of the attorney of the plaintiff in the execution under which the sale is made, no stranger to the execution, whether a judgment creditor or not, can have any claim against the sheriff and his sureties by reason of any inadequacy of price."

The court charged the jury as follows:

" Generally speaking, mere inadequacy of price will not render the sheriff liable if he make a sale. There may, however, be so great a disproportion between the sum bidden for an article, and its

real value, that he ought not to strike it down, and if he does so, he ought to be liable, either to the defendant in the execution, or to any other who may be interested in the property.   This may be too, even when the plaintiff is present and directing the sale.   The sheriff is in some respects the agent of the plaintiff: but he is also the officer of the law, and he cannot be required or allowed to sacrifice the property of the debtor; as for instance, by selling an article worth 100 dollars, for 1 dollar."

The jury found a verdict for the plaintiffs, upon which judgment was entered.

Errors assigned.

1st. The court erred in admitting the evidence contained in the bill of exceptions.

2d. The court erred in the instruction given to the jury in answer to defendant's request, in saying that the sheriff in making a sale, under a *venditioni*, which was the case before the court, had a discretion to sell or not, even when the plaintiff was present and directing him to sell; that if he sold for a very inadequate price, he rendered himself liable to the defendant, or to any one who had an interest in the property, and that the sheriff could neither be required, nor *allowed* to sacrifice the defendant's property.

*Ewing*, for plaintiff in error, cited *Cowp.* 406; *Ld. Raym.* 1074; 16 *East* 276; 1 *Bos. & Pul.* 259; 1 *Chit. Rep.* 643, *note*; 3 *Camp.* 523; 5 *Johns.* 346.

*Howel*, for defendant in error, cited 1 *Penns. Prac.* 323; 1 *Bos. & Pul.* 359; *Wats. Sheriff* 188; 11 *Serg. & Rawle* 304.

The opinion of the Court was delivered by

SERGEANT, J.—The English practice in relation to sales by the sheriff of goods levied on by *fieri facias*, differs from ours, and the same rules are not always applicable.   In England, it is said, the sheriff is not obliged to sell by auction, and if he do, the expense of the auctioneer, and of the inventory will fall upon himself.   Buller, J. 2 *T. R.* 157, cited *Wats. Sheriff* 188.   And if sold by auction much below their real value, the sheriff is liable to an action.   3 *Campb.* 520.   The duty of the sheriff is to sell at private sale, and it seems, if this be fairly done on a *fieri facias*, the sheriff is not liable to an action, though the property be sold much below its real value.   1 *Stark.* 43.   The reason is, that the sheriff may sell to the plaintiff himself, at an appraisement, and, therefore, the plaintiff ought not to be allowed to object to the amount for which the sheriff sold, or even to his omitting to sell for want of buyers on a *venditioni exponas:* the court saying, if the plaintiff were dissatisfied, he might have set up a purchaser of the goods himself.   1 *Bos. & Pul.* 359.

Under our practice, goods levied on by *fieri facias*, are sold by

[Lynch v. The Commonwealth.]

the sheriff at public vendue, and it is believed have always been so. The auction laws exempted from their prohibitions sheriffs, who sold by vendue, goods taken in execution. The act of the 21st of March 1806, sect. 11, directs the sheriff or coroner to whom is directed any process of execution for the recovery of money, to proceed to collect the same, and, if the defendant refuse or neglect to pay the debt and costs, to levy on his personal estate, and thereafter make sale thereof, first having given six days notice, by not less than six handbills, to be put up at such places as he shall deem best calculated to give information, and with the money arising from such sale, to pay the debt and costs, and make return at the next court.

In the absence of any directions from the plaintiff, the sheriff pursues the exigency of his writ by selling at public sale, and if he is guilty of no fraud or neglect in relation to such sale, is not answerable to the plaintiff, although the goods may have brought an inadequate price. A grossly inadequate price may be evidence of such fraud or neglect in the discharge of his duty, but does not, *per se*, give the plaintiff a right of action. The plaintiff has, or is presumed to have notice of the public sale, and has power to attend and purchase like any other individual, or may, so far as respects himself, delay it by his directions to the sheriff. If he neglects to give directions or to attend the sale, the sheriff cannot know whether he desires a peremptory sale or not. A case may be easily supposed, where the plaintiff having other security for his debt, would be indifferent what price the goods brought, and would complain if the sale did not proceed. Neither the act of assembly, nor our practice, seems to make any difference in the duty of the sheriff, whether the proceeding is on a *fieri facias* or *venditioni exponas*. In both, in the absence of other directions, he complies with his duty by advertising and selling. How far he might, from a regard to the *defendant's interests*, be required or authorized to postpone a sale where the goods would be palpably sacrificed, is another question: but as to the plaintiff in the execution, it is clear, that unless the sheriff is guilty of fraud or neglect, he is not answerable for merely proceeding to the sale of the goods as required by his writ, though they bring an inadequate price.

Judgment reversed, and a *venire facias de novo* awarded.