GREEN DEWITT V. OPPENHEIMER & CO.

1. INDEMNITY BOND—LEVY.—A sheriff making a levy without a bond of indemnity, cannot afterwards, in a suit for insufficient levy, plead the want of such bond.

2. BOND EXECUTED AFTER LEVY.—An indemnity bond executed subseqent to the levy of an attachment, and for the purpose of protecting the officer making the levy, is for a legal purpose and is valid.

3. PRACTICE—READING AUTHORITIES.—Where it is assigned as error that the court below permitted the counsel for plaintiff to read additional authorities in his closing argument, and the record does not show the points upon which the authorities were adduced, the circumstances under which they were read, or whether the counsel for defendant had a right to reply, on appeal, the court will presume that the court below exercised a sound discretion in the matter.

4. SUIT AGAINST SHERIFF—PRACTICE.—In a suit against a sheriff and his sureties for damages for an insufficient levy, the plaintiff had the right to dismiss his suit as to the sureties, in which case the official bond of the sheriff would not be material to the plaintiff's case.

5. FACTS SUPPORTING VERDICT AGAINST SHERIFF.—See facts where a verdict for damages against a sheriff for an insufficient levy of an attachment, was sustained.

6. CARE REQUIRED OF SHERIFF IN MAKING A LEVY.—The sheriff in levying an attachment should exercise a cautious and reasonable discretion, such as should influence the conduct of prudent and discreet men in the management of their own affairs.

7. SAME.—Tested by this rule, if the levy is either insufficient or excessive, the sheriff should be held responsible to the party injured.

8. SAME—LEVY MUST COVER INTEREST AND COSTS.—In making a levy there should be proper allowance for depreciation in value incident to the property seized and to the forced sale; and the amount should cover costs and incidental expenses.

APPEAL from Gonzales. Tried below before the Hon. Everett Lewis.

The facts are sufficiently stated in the opinion.

*Miller & Sayers*, for appellant.

I. The court erred in refusing to permit the defendant to prove the value of the goods attached at the time of the sale, and to prove whether or not the goods sold for their value at the sale, as shown by defendant's bill of exceptions. The plaintiffs not having given an indemnifying bond when it was demanded by the sheriff, the sheriff was not bound to levy the attachment at all. (Paschal's Dig., art. 151.)

Not having been indemnified, the sheriff was proceeding at his own risk, and was only bound, if at all, to exercise a sound discretion. (Cornelius *v.* Burford, 28 Tex., 207.)

II. The court erred in permitting plaintiffs' counsel to read authorities to the court and jury in his closing argument. This was in plain violation of rules 36, 38, and 39 of the rules of practice for the District Court. The bill of exceptions shows that, "in the closing argument for plaintiffs, their counsel read authorities from Paschal's Digest of Decisions and from the Texas Reports, to the court, and in the hearing of the jury; which authorities had not been read or referred to by the counsel who preceded him, or by defendant's counsel."

III. The court erred in refusing the instruction asked by the defendant, that if the jury believed from the evidence that the sheriff or his deputy, in levying the writ of attachment, acted fairly and honestly, and seized goods which he had reasonable cause to believe was sufficient to make the amount of plaintiffs' debt and costs, without any intent to defraud plaintiffs, the jury should find for defendant. This instruction is not clearly embraced in any of the instructions given, and certainly embraced the law of the case, where the plaintiffs had failed to indemnify the sheriff. (Cornelius *v.* Burford, 28 Tex., 202; Meuly *v.* Zeigler, 23 Tex., 92; Red. on Neg., sec. 523, *et seq.*)

IV. The court should have instructed the jury to find for defendant, for the reason that the plaintiffs based their right to a recovery solely upon the fact that the sheriff had given a bond as sheriff, and alleging a breach in the condition of the bond, and upon the trial they failed to put any bond in evidence.

We think this exception embraced the legal proposition that a plaintiff must prove his case as he alleges it. (Paschal's Dig., art. 1427.)

*Harwood & Winston,* for appellees.

I. If a sheriff, in the execution of process, willfully, negligently, or erroneously fails to perform his whole duty, he is liable to the extent of the damage sustained. (Illies *v.* Fitzgerald, 11 Tex., 424; Sayles' Prac., sec. 31.)

II. The measure of damages in this cause was the value of the goods released by said appellant and which were liable to plaintiffs' debt. (Paschal's Dig., art. 5115; Farquhar *v.* Dallas, 20 Tex., 200; Smith *v.* Tooke, 20 Tex., 750; Walton *v.* Compton, 28 Tex., 569.)

BONNER, ASSOCIATE JUSTICE.—In this case the appellees, as plaintiffs below, sued the appellant, as sheriff of Gonzales county, for damages for an alleged insufficient levy of writ of attachment in their favor against Gillespie and Elkins. The plaintiffs obtained judgment for $200, from which this appeal is prosecuted.

The issue tendered by the plaintiffs was, that the defendant, after having made a sufficient levy, released a portion of the same, by reason of which they had lost a large amount of their debt.

The defendant seeks to justify, partly, on the ground that the plaintiffs had not given a bond of indemnity.

The testimony shows that one of the attorneys for the plaintiffs instructed the sheriff to make the levy, that he would hold him harmless, and would get the required bond.

Upon this the sheriff acted, and the bond was procured and filed soon after the levy.

The sheriff having proceeded to make the levy without the bond, could not afterwards raise the question that it had not been given, and should be held to the same degree of diligence which would be required in ordinary cases. The bond, though subsequently given, having been for a legal purpose authorized by statute, would be valid. (Illies v. Fitzgerald, 11 Tex., 417.)

The fifth and eighth special charges asked by the defendant, and the refusal to give which is assigned as error, were to the effect that the defendant was not bound to levy upon property unless he had reasonable and probable cause to believe that the same belonged to the defendants in attachment, and that if the amount levied upon was equal to their interest in the stock of goods, the defendant was not liable.

This issue, substantially as asked, was, in our opinion, submitted to the jury in the second subdivision of the general charge by the court.

The facts pertaining to the alleged error, that counsel for the plaintiffs was permitted to read additional authorities to the court in his closing argument, are not sufficiently presented by the record to show such error as would authorize a reversal of the judgment. The points upon which the authorities were adduced, the circumstances under which they were read, and whether or not the opposing counsel had the right to reply, are not shown; and in the absence of facts to the contrary, we should indulge the presumption that the court exercised a sound discretion in the matter.

The refusal of the court to give the special charge asked, that the jury should find for the defendant because plaintiffs had failed to offer the official bond of the defendant in evidence, is assigned as error.

The plaintiffs, after having made appropriate allegations, sufficient if proven to authorize a judgment in their favor, then alleged the execution of the official bond, with security,

and prayed that the sureties also be cited, and for judgment on the bond.   There was also a prayer for general relief.

Upon the final trial the cause was dismissed as to the sureties and judgment rendered against the sheriff alone.

Under our practice, frequent instances of which occur in pleas in reconvention for wrongful suing out writs of attachment and sequestration, the remedy on the bond is often waived and judgment sought against the principal without regard to the sureties.   A sheriff's bond is intended, not so much to fix his liability for wrongful acts, as to secure the damages occasioned thereby.   This security, however, can be waived by the party intended to be benefited thereby.   There were sufficient allegations to make the defendant liable without regard to those in relation to the bond.   The material issues which constituted this liability and his defense thereto, whether the suit was upon the bond or independently of it, were the same, and the defendant could not have been prejudiced by the course taken.   It is not perceived that, by our liberal system, under the circumstances as shown by the record, there was error in permitting the plaintiffs to elect to proceed against the sheriff alone without regard to his bond.

The main question in the case relates to the liability of the defendant for failure, as sheriff, to make a sufficient levy to satisfy the writ of attachment.

The testimony all tends to prove that the goods were released, not because they were not subject to the writ, but for fear that the levy was excessive.   The sheriff was commanded to attach sufficient property to make $1,273.05.   The facts show that after about $1,540 worth, at invoice prices, had been levied upon and inventoried, an amount was released sufficient to reduce the levy to $1,273.05, the exact sum stated in the writ.   On the sale, the property brought only the sum of $649.60, and after deducting cost left net $523.13.

We think the true rules, as deduced from the weight of authority upon the subject of the duties and liability of an officer in making a sufficient levy, are these:  That the pro-

cess in his hands being designed as a security for the plaintiff's debt, and not as an instrument of oppression to the debtor, he should on the one hand avoid making an insufficient levy, and on the other avoid making an excessive one; that in determining what should be a sufficient levy, so as to prevent accountability from negligence or a design to injure either of the parties interested, he should exercise a cautious and reasonable discretion, such as should influence the conduct of prudent and discreet men generally in the management of their own affairs; that, tested by this standard, if the levy is either insufficient or excessive, then he should be responsible in damages to the party injured. If, however, he comes up to this measure, then he should not be responsible, although damage in fact may have accrued to one or the other. (Cornelius v. Burford, 28 Tex., 208; Harrison v. Harwood, 31 Tex., 650; Commonwealth v. Lightfoot, 7 B. Monr., 298; Lynch v. Commonwealth, 6 Watts, 495; Governor v. Carter, 3 Hawk., 328; Lawson v. The State, 5 Eng., 28; Freem. on Ex., sec. 253; Shear. & Red. on Neg., sec. 521.)

Although a certain amount of discretion must be left to the officer, depending to some extent upon the facts and circumstances of the particular case, yet as a general rule, established by many cases, the value of the property levied upon should be equal to the amount of the debt sought to be recovered, making a proper allowance for depreciation in value naturally incident to the property, and depreciation in price as the usual effect of a forced sale, and, in addition, for costs and incidental expenses. (Griffin v. Ganaway, 8 Ala., (N. S.,) 625; Freem. on Ex., sec. 253.)

Tested by these rules, even if it be admitted that the goods at the sale should have brought the invoice price, as tending to prove which the rejected evidence of defendant was offered, still the defendant seems not to have exercised proper diligence in this case, as he released all the property levied upon except, in his judgment, an amount sufficient to make the full value only of the debt, leaving no margin for depre-

ciation in value, from delay, forced sale, or otherwise, or for incidental expenses and costs. The goods sold for much less than the estimated value placed upon them by the sheriff, and from the amount of the sale he deducted $136.83 costs.

It is reasonable to presume that the verdict of the jury, although much less than the actual damage sustained by the plaintiffs, was intended to cover the difference between the value of the goods at the time they were levied upon, and the additional amount which should have been levied upon to meet these contingencies.

There being no error apparent upon the record, the judgment below is affirmed.

AFFIRMED.