W. C. EVERHART ET AL. v. G. W. O'BANNON ET AL.

(No. 2274, Op. Book No. 2, p. 655.)

APPEAL from Grayson County. Opinion by DELANEY, J.

§ 1288. *Sheriff; duties and liabilities in regard to levy of attachment, etc.; return on process prima facie evidence.* Appellees recovered this judgment against Everhart, sheriff, upon his official bond, for failing to make a sufficient levy under an attachment which appellees had against one Owens. The attachment was for $448.20. Property was levied upon, the value of which was estimated by the sheriff in his return on the writ to be $690. The property, when sold by the sheriff, brought only $210. The judgment for appellees was for $238.20, the amount of damages claimed by them. *Held:* Plaintiffs complain that the sheriff has failed to do his duty, whereby they have been damaged. Although this is a negative allegation, they should certainly have offered some proof to sustain it. [1 Greenl. Ev. § 78.] The proof that they offered was that they put into the sheriff's hands a writ which directed him to attach goods enough to make something over $400, and that the goods attached, when sold some months afterwards, brought only $210. But it does not necessarily follow from this that the sheriff has failed to perform his duty. His return shows that he levied on goods of the value of $690. This return is at least *prima facie* evidence for him. [Drake on Attach. § 210 (5th ed.); Freeman on Ex. § 366.] This return was sufficient until it was controverted by plaintiffs. It was not enough for them to show that the goods sold for much less than the sheriff's estimate. That might have

arisen from a variety of causes. Suppose the goods had greatly declined in price between the levy and the sale. Must the sheriff pay the difference? We think not. Some discretion must be allowed the sheriff in cases like this. He must not neglect the interests of the plaintiff, yet he must not needlessly oppress the defendant. He must act with prudence and sound judgment. It is highly probable that the goods which he attaches will, when sold as he will sell them, bring less than their real value; therefore he should take more in value than the amount of the claim and the probable costs and expenses. How much more he should take has not been determined, and cannot be determined, by any invariable rule. The real question generally is, not how much did the sheriff take, but did he exercise that "cautious and reasonable discretion, such as should influence the conduct of prudent and discreet men generally in the management of their own affairs?" [Dewitt v. Oppenheimer, 51 Tex. 103.] The judgment in this case is not sustained by the evidence.

June 21, 1882.                    Reversed and remanded.