# W. C. EVERHART ET AL v. G. W. O'BANNON ET AL.

## COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Pleading—Evidence.*—In a suit for damages against a sheriff and his sure-ties, the petition alleged that in the execution of a writ of attachment the defendant failed to perform his duty, whereby the plaintiff sustained damage.

*Held,* That, though a negative allegation, proof was essential to sustain it.

*Evidence.*—See the opinion *in extenso* for state of facts which will not sus-tain a judgment against a sheriff upon an averment of dereliction in the dis-charge of his official duty, which resulted to the damage of the plaintiff.

*Same.*—Return of the officer on a writ or process is *prima facie* evidence in his behalf in a proceeding against him, and is sufficient until controverted by adverse proof.

*Same.*—That the goods seized under attachment did not, when sold, realize the amount at which they were valued in the return of the officer, or the amount of the plaintiff's demand, is not sufficient evidence, of itself, to sus-tain a judgment against the officer. See the opinion for the principle dis-cussed.

Appeal from the County Court of Grayson.—This suit was brought in the county court, July 12, 1881, by appellees, G. W. O'Bannon and William Karsteller, against appellants, W. C. Ever-hart, as sheriff of that county, and E. L. Manson, Nat. Smith, R. P. Dicks, Thomas J. Belcher, M. Schneider, R. G. Hall, E. Everhart, V. H. Montgomery, G. H. Montgomery and John L. Kenedy, sure-ties on his official bond.

The petition alleged that about January 22, 1880, plaintiffs brought suit in said county against one John D. Owens for the sum of $407.90; caused a writ of attachment to issue to the sheriff, which was placed in the hands of A. L. Panet, his deputy, on the twenty-third day of January, 1880, who was directed to levy upon the property of Owens, who then had ample property to satisfy said writ and costs of suit, which were $43.30.

Plaintiffs recovered judgment against Owens January 28, 1881, for $407.90 and costs, making altogether $448.20. That the goods attached were sold by order of the court, and brought only the sum of $210. Plaintiff's claim that by the default of the sheriff they have been damaged in the sum of $238.20, for which they pray judgment.

January 3, 1882, defendants answered by general demurrer, gen-eral denial, and further, that the goods levied on by the sheriff were, in amount, sufficient to pay plaintiff's claim against Owens, and the costs; that defendant duly advertised and sold the goods,

according to law, and they are not responsible for the fact that the goods did not bring their value at the sale; but that the goods did not bring more, because plaintiffs were not present to bid at the sale.

January 31, 1882, plaintiffs filed a supplemental petition, excepting to the answer as showing no legal defense, and stating that one of the plaintiffs was present at the sale and desired to bid on the goods, but had no money, and the sheriff would not receive the bid without the money; that plaintiff requested the sheriff to postpone the sale for an hour, so that he could borrow the money, but the sheriff refused, and went on with the sale.

Trial was had February 1, 1882.

The court charged that it was the sheriff's duty to levy on goods enough to satisfy the claim and all costs and charges, and that in estimating the value of the goods, he should use such care as ordinarily cautious and prudent men would use. If he had used such care, they should find for defendants; otherwise, for the plaintiffs.

If they found for plaintiffs, the measure of damages was the difference between the value of the goods levied on at the time of the levy, " and that amount which should have been levied on in order to satisfy the amount called for in the writ," and costs and charges.

Defendant asked several charges, which were refused. Then verdict and judgment for plaintiffs for $238.20, the amount claimed in the petition. Motion for new trial overruled, and defendants appealed, assigning numerous errors in the charge of the court; refusal of charges asked; overruling motion for new trial; verdict contrary to law and evidence.

There was no evidence of the value of the goods levied on, except the return of the sheriff and his schedule attached (which had been lost), showing that he had levied on goods of the value of $690, at cost prices. The goods consisted of various articles of hardware. The defendant in attachment had in the store, subject to levy, goods worth probably $3000.

One of the plaintiffs was present at the levy, but gave no directions. The sheriff thought he had taken enough to pay the claim; he made no inquiries of any one as to the value of hardware at the time; had little or no knowledge of the matter himself, but followed the invoice prices.

One of the plaintiffs testified in this case, he had seen the schedule; noticed a keg of nails valued at $6; did not think it worth

more than $3. Had understood there was a material decline in the value of hardware between the dates of of the levy and the sale.

The whole testimony is very vague and inconclusive.

Opinion by Delaney, J.—Our opinion is that there is error in the charge, for which the judgment should be reversed.

Plaintiffs complain that the sheriff has failed to do his duty, whereby they have been damaged. Although this is a negative allegation, they should certainly have offered some proof to sustain it. (1 Greenl. Ev., sec. 78.) The proof which they offered was that they put into the sheriff's hands a writ, which directed him to attach goods enough to make something over four hundred dollars; that the goods attached, when sold some months afterwards, brought only the two hundred and ten dollars. But it does not necessarily follow from this that the sheriff had failed to perform his duty. His return shows that he levied on goods to the value of six hundred and ninety dollars. This return is at least *prima facie* evidence for him. (Drake on Attach., 5 ed., sec 210; Freeman on Ex., sec. 366.)

This return was sufficient until it was controverted by plaintiffs. It is not enough for them to show that the goods sold for much less than the sheriff's estimate. That might arise from a variety of causes. Suppose the goods had greatly declined in price between the levy and the sale. Must the sheriff pay the difference? We think not. Some discretion must be allowed the sheriff in cases like this. He must not neglect the interests of the plaintiff, yet he must not needlessly oppress the defendant. He must act with prudence and sound judgment. It is highly probable that the goods which he attaches will, when sold as he will sell them, bring less than their real value. Therefore he should take more in value than the amount of the claim and the probable costs and expenses. How much more he should take has not been determined, and cannot be determined by any invariable rule. The real question generally is not how much did the sheriff take, but did he exercise that "caution and reasonable discretion such as should influence the conduct of prudent and discreet men generally in the management of their own affairs." (DeWitt v. Oppenheimer, 51 Texas, 103.) It occurs to us that the judgment is not sustained by the evidence. The court erred in overruling the motion for a new trial, for which the judgment should be reversed and the cause remanded.

Examined and approved, and reversed and remanded.