MARA et al. v. BRANCH, Sheriff, et al.

(Court of Civil Appeals of Texas. March 9, 1911.)

1. SHERIFFS AND CONSTABLES (§ 140*) — WRONGFUL EXECUTION — ACTIONS — FINDINGS—CONSTRUCTION.

A finding, in an action against a sheriff for an oppressive and excessive levy, that, while certain "fixtures" are not mentioned in the officer's return, they were in fact seized and levied on by the officer and were described and included in the return as the entire stock owned by the judgment debtor, was not intended to vary the officer's return, but merely as a finding of fact.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 140.*]

2. WORDS AND PHRASES—"MERCHANDISE."

"Merchandise" has a very extended meaning and usually means personalty used by merchants in the course of trade, but may include every article of traffic.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4478–4482; vol. 8, p. 7721.]

3. SHERIFFS AND CONSTABLES (§ 138*) — WRONGFUL EXECUTION — ACTION — SUFFICIENCY OF EVIDENCE.

Evidence, in an action against a sheriff for oppressive and excessive levy of execution, held not to sustain a finding that certain articles claimed to have been levied upon were merchandise.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 138.*]

4. SHERIFFS AND CONSTABLES (§ 88*) — WRONGFUL EXECUTION—FAILURE TO MAKE INVENTORY—EFFECT.

The failure of an officer levying execution to make an inventory of the property levied upon makes him liable for resulting damages.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 88.*]

5. SHERIFFS AND CONSTABLES (§ 109*)—EXCESSIVE LEVY.

The value of property levied upon under execution should, as a rule, only be equal to the amount of the debt, making due allowance for natural depreciation in value and the depreciation resulting from a forced sale, as well as for costs and incidental expenses; but the market price of the property should not be arbitrarily taken as its true value, in determining whether there was an excessive levy.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 194; Dec. Dig. § 109.*]

6. SHERIFFS AND CONSTABLES (§ 120*)—LEVY—WRONGFUL SALE—PROPERTY SOLD.

Property not levied on by the officer should not be sold under execution.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 205–218; Dec. Dig. § 120.*]

7. SHERIFFS AND CONSTABLES (§ 120*)—EXECUTION—WRONGFUL SALE—DAMAGES.

Under Rev. St. 1895, art. 2379, providing that an officer selling property without giving notice of the sale as provided shall forfeit not less than $10 or more than $200 in addition to other damages sustained, an officer would be liable for damages resulting from his failure to advertise for sale goods levied upon.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 205–218; Dec. Dig. § 120.*]

Error from District Court, Wise County; J. W. Patterson, Judge.

Action by J. G. and M. B. Mara against John M. Branch, Sheriff, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded for new trial.

See, also, 127 S. W. 1076.

Geo. Q. McGown and Marvin H. Brown, for plaintiffs in error. McMurray & Gettys, for defendants in error.

LEVY, J. On July 17, 1908, the sheriff of Wise county, through his deputy, by virtue of two valid executions, levied upon and after advertisement sold the entire stock of merchandise of the plaintiffs in error. Charging the sheriff with having made an oppressive, excessive, and malicious levy and sale, this suit was brought to recover damages against the sheriff and his official bondsmen. The trial was to the court; and on his finding that the property was levied on under valid executions, and duly advertised and sold, and that there was not an excessive levy made, and that the failure of the sheriff to inventory the goods did not cause them to sell for any less than they would had there been an inventory, a judgment was rendered for the defendants.

The first, second, and fourth assignments can be here considered together. The officer's return on the writs of execution de-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

scribed the property levied on as "the entire stock of merchandise owned by Mara Bros." It was the contention in the evidence of plaintiffs in error that certain "fixtures" that were sold were not levied on. The court made the finding of fact that, while the "fixtures" are not mentioned in the return of the officer, they were in fact seized and levied on by the officer under the executions, and were described and included in the return of the officer as "the entire stock owned by Mara Bros." We do not think the assignments can be construed as properly presenting the question of the conclusiveness of the officer's return as to make applicable the case of Schneider v. Ferguson, 77 Tex. 572, 14 S. W. 154. The court was simply undertaking, we conclude, to find facts, and not to vary the officer's return. The assignments simply assail these findings as unsupported by the evidence. The point made is clearer of understanding when the character of property claimed to be "fixtures," as the word is here used, is set out. As stated in the brief of plaintiffs in error, "the word 'fixtures,' as used by the court and the witnesses, relates to showcases, desk, safe, cheese cutters, whip racks, counters, tables, paper cutters, rope racks, platform scales." And according to the record we must take such articles as being the "fixtures" in controversy. The question involves the simple question of fact of whether such articles are under the evidence "merchandise," as found by the court. If they are in fact merchandise offered for sale and traffic, and not fixtures, then the evidence supports the findings of the court. "Merchandise" is a term of very extended meaning, and usually conveys the idea of personalty used by merchants in the course of trade. It may as a fact include every article of traffic. Looking to the record in this case, it appears that plaintiffs in error were doing a general merchandise business, and kept on hand a stock of general merchandise for sale. Plaintiff testified to what the stock of goods consisted of. He then further testified: "I had some furniture and fixtures in the house," and then specifies the articles hereinbefore termed "fixtures." And this is the evidence upon which the court founds his finding. The evidence, properly construed, we think, shows that plaintiff was testifying that these articles were not articles kept for sale and traffic by the firm in their store, but were articles kept wholly for use in and about the building in the conduct of the business. We fail to find in the record any proof contradicting this evidence, or tending to show that these were articles kept in the store for sale and traffic. If these articles were not kept for sale and traffic in the business, and we are unable to find any evidence warranting the finding that they were, but were articles wholly for use in and about the building in the proper conduct of the business,

and we are unable to say from the record to the contrary, then the evidence wholly fails to support the court's finding.

The third assignment is that the court erred in finding that the failure to inventory said goods did not cause them to sell for any less than they would have sold for, had there been an inventory and appraisement made of them. The evidence shows that the officer did not make an inventory. There is no contention in the evidence, or by the assignment, that any of the property levied on was lost or destroyed, or not sold by the officer. The evidence shows that several persons were at the sale as buyers, and bid on the goods, and saw and inspected the goods in the store before bidding. While it is the duty of an officer to make an inventory, the nonperformance of this duty has no other result than to make him liable for all damages sustained. We cannot say that the court's finding is not supported by the evidence.

The fifth assignment is: "The court erred in his findings and conclusions of facts when he found 'that the goods were very much damaged and shelf worn and were in fact worth at the time and place of the levy only $575.76, and that this is not an excessive levy.'" The two executions aggregated, including costs of court and levy, $280. The goods brought at the sheriff's sale $300. There is ample evidence to support the finding made by the court. The point made, though, seems to be more directed to the contention that the court in determining the issue of excessive seizure should have considered solely the market value of the property. And the insufficiency of the evidence to support the court's finding of the worth of the goods at the time and place of levy is assailed upon his not solely calculating the value of the property seized by its market value. There is a conflict in the evidence taken as a whole as to the market value of the goods. But in determining whether an officer charged with the execution of a valid process of court has made an excessive levy upon personal property, the value of the property seized is not to be arbitrarily calculated and tested solely and exclusively at its market price. We quote the rule from De Witt v. Oppenheimer, 51 Tex. 103: "Although a certain amount of discretion must be left the officer, depending to some extent upon the facts and circumstances of the particular case, yet as a general rule, established by many cases, the value of the property levied upon should be equal to the amount of the debt sought to be recovered, making a proper allowance for depreciation in value naturally incident to the property, and depreciation in price as the usual effect of a forced sale, and, in addition, for costs and incidental expenses." See Atcheson v. Hutchison, 51 Tex. 223; Cornelius v. Burford, 28 Tex. 203, 91 Am. Dec. 309; 2 Freeman on

Ex. § 253. This rule the court followed, and there is evidence to support the finding.

The sixth assignment sufficiently presents the point that the court erred as a matter of law in denying a recovery for the value of the fixtures, and is considered on this question. This contention is predicated upon the ground that the fixtures mentioned were not advertised for sale by the officer. The officer's notice of sale described the property seized and to be sold as "the entire stock of merchandise owned and controlled by Mara Bros. at Crafton." Upon his finding that the fixtures mentioned were in fact merchandise for sale and traffic, and not fixtures in fact, the court concluded that the fixtures were included and described in the terms of the notice of sale, and gave judgment for the officer. As we have concluded in the first assignment that the court's finding is unsupported by the evidence, it would follow that this assignment should be sustained. It is not a question of the form of the notice, if in fact the articles are fixtures, but whether there was any public notice given as to the sale of the fixtures. If the officer did not levy the process on the fixtures, he would not be warranted in selling them. And if he did levy on them, he still would be liable for any damage resulting from his failure to advertise them for sale. Article 2379, R. S. 1895; Patton v. Collier, 13 Tex. Civ. App. 546, 38 S. W. 53.

The judgment was ordered reversed, and the case remanded for another trial.