# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 28, 2004

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0140

Re: Execution of tax warrants and property seizure and sale under chapter 33, Tax Code (RQ-0089-GA)

Dear Mr. Stafford:

On behalf of Harris County (the "County"), you ask a series of questions regarding the execution of tax warrants and of property seizure and sale under chapter 33 of the Tax Code.[1]

You state that the Harris County Tax Assessor-Collector has "taken an aggressive stance against" businesses that are delinquent in paying personal property taxes. Request Letter, *supra* note 1, at 1. In so doing, the assessor-collector "has extensively used the tax warrant process" set forth in chapter 33 of the Tax Code to seize and sell the property on which taxes are owed. *Id.* Apparently at a county constable's request, you ask nine questions about the tax warrant statutes, concerning both personal and real property. *See id.* at 1-2.

## I. Chapter 33, Tax Code

Chapter 33, subchapter B pertains to the seizure of personal property, which includes tangible personal property, cash on hand, and various financial instruments. *See* TEX. TAX CODE ANN. § 33.21(d) (Vernon 2001). *But see id.* § 33.21(c) (providing that current wages in an employer's possession may not be seized). A taxing unit may seize a person's personal property "for the payment of a delinquent tax, penalty, and interest" that the person owes on the property. *Id.* § 33.21(a). Personal property also may be seized before the tax becomes delinquent in certain limited circumstances. *See id.* § 33.21(b). When a tax is delinquent, or in those circumstances before a tax is delinquent, a tax collector may apply to a court for, and the court may issue upon the submission of a sufficient affidavit, a tax warrant authorizing that the property be seized. *See id.* § 33.22. Section 33.23 provides specifically for the tax warrant:

---

[1] *See* Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 1, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

> (a) A tax warrant shall direct a peace officer in the county and the collector to seize as much of the person's personal property as may be reasonably necessary for the payment of all taxes, penalties, and interest included in the application and all costs of seizure and sale. The warrant shall direct the person whose property is seized to disclose to the officer executing the warrant the name and address if known of any other person having an interest in the property.
>
> . . . .
>
> (c) After a tax warrant is issued, the collector or peace officer shall take possession of the property pending its sale. The person against whom a tax warrant is issued or another person having possession of property of the person against whom a tax warrant is issued shall surrender the property on demand. Pending the sale of the property, the collector or peace officer may secure the property at the location where it is seized or may move the property to another location.

*Id.* § 33.23(a), (c). All persons who have an interest in the seized property must be notified of the property's seizure, and, in a county such as yours, the "peace officer or collector, as specified in the warrant," must post notice and sell the property "in the manner required for the sale under execution of personal property" or "under an agreement" with an auctioneer. *Id.* § 33.25(a) (Vernon Supp. 2004); *see id.* § 33.25(b), (c) (permitting the commissioners court of a county with a population of three million or more to authorize a peace officer or the tax assessor-collector to contract with an auctioneer or an Internet service provider); *see also* http://quickfacts.census.gov/qfd/states/48 /48201.html (Harris County population: 3,400,578).

Subchapter E provides for seizure of real property. Section 33.911, which relates specifically to counties, authorizes a county, after notifying the owner, to seize a person's real property "for the payment of delinquent ad valorem taxes, penalties, and interest the person owes on the property" in certain circumstances. TEX. TAX CODE ANN. § 33.911(a) (Vernon Supp. 2004); *see also id.* §§ 33.911(c), 33.912 (defining abandonment and providing for notice). After property becomes subject to seizure, the county's assessor-collector may apply for a tax warrant to a district court, which must issue the warrant if the assessor-collector submits a sufficient affidavit. *See id.* § 33.92. Section 33.93 provides for the tax warrant:

> (a) A tax warrant shall direct the sheriff or a constable in the county and the collector for the municipality or the county to seize the property described in the warrant, subject to the right of redemption, for the payment of the ad valorem taxes, penalties, and interest owing on the property included in the application, any attorney's fees included in the application . . . , and the costs of seizure and sale. The warrant shall direct the person whose property is seized to disclose to a person executing the warrant the name and address if known of any other person having an interest in the property.
>
> . . . .

> (c) On issuance of a tax warrant, the collector shall take possession of the property pending its sale by the officer charged with selling the property.

*Id.* § 33.93(a), (c). After the assessor-collector delivers a required notice to parties interested in the real property, section 34.01(a) requires the property to be sold "by the officer charged with selling the property, unless otherwise directed by the taxing unit that requested the warrant or order of sale or by an authorized agent or attorney for that unit." *Id.* § 34.01(a).

## II.    The Issues You Raise

### A.    Execution of a Tax Warrant

You first ask, "Who is authorized to execute a tax warrant?" Request Letter, *supra* note 1, at 1. Because your discussion focuses solely on identifying the type of peace officer that may execute a warrant, we likewise focus solely on that issue.

You suggest that the type of peace officer that may execute a warrant depends on whether the property to be seized subject to the warrant is personal property, seized under section 33.23, or real property, seized under section 33.93.[2] Under section 33.23(a), a tax warrant directs "a peace officer in the county" to seize the personal property. TEX. TAX CODE ANN. § 33.23(a) (Vernon 2001). By contrast, a tax warrant issued under section 33.93 directs "the sheriff or a constable" to seize the real property described in the warrant. *See id.* § 33.93(a) (Vernon Supp. 2004).

We construe sections 33.23 and 33.93 according to their plain language. We accordingly conclude that any peace officer, as defined in article 2.12 of the Code of Criminal Procedure, who is in the county and has jurisdiction to do so may execute a warrant for the seizure of personal property under section 33.23. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2004); *see also id.* art. 2.13(b)(2) (listing, among a peace officer's duties, executing "all lawful process issued to the officer by any magistrate or court"). We similarly conclude that the sheriff or a constable may execute a warrant for the seizure of real property under section 33.93.

### B.    Seizure of Personal and Real Property

You ask next who is authorized to seize personal and real property under a tax warrant. *See* Request Letter, *supra* note 1, at 1. A warrant directs that property be seized; thus, execution of the warrant requires seizure of the specified property. For this reason, our conclusion mirrors our resolution of the previous issue: any peace officer, as defined by article 2.12 of the Code of Criminal Procedure, who is in the county and has jurisdiction to do so may seize personal property specified in a warrant issued under section 33.23, while the sheriff or a constable may seize real property specified in a warrant issued under section 33.93.

---

[2]*See* Memorandum Brief attached to Request Letter at 1 [hereinafter Memorandum Brief].

Your third question is whether seizure of personal or real property requires actual possession. *See id.* Although you ask about seizure of both personal and real property, you discuss only section 33.23, which, you state, presents "'seizure' and 'possession' . . . as two distinct acts," both of which must occur to complete the "levy." Memorandum Brief, *supra* note 2, at 2.

Section 33.23(a) authorizes a peace officer and an assessor-collector to "seize" a certain portion of a person's personal property, and subsection (c) of the same section requires the peace officer or assessor-collector to "take possession of the property pending its sale." TEX. TAX CODE ANN. § 33.23(a), (c) (Vernon 2001). Section 33.93(a) likewise authorizes the sheriff or constable and the assessor-collector to "seize" real property described in a tax warrant, and subsection (c) requires the assessor-collector (not a peace officer) to "take possession of the property." *Id.* § 33.93(a), (c) (Vernon Supp. 2004).

Based on the statute's plain language, we conclude that seizure requires the officer executing the warrant to possess, or to exercise control of, the property. *See Freeman v. City of Dallas*, 242 F.3d 642, 647 n.5 (5th Cir. 2001), *cert. denied*, 534 U.S. 817 (2001) (stating that a seizure occurs when the government "meaningful[ly] interfere[s] with an individual's possessory interest in that property"); BLACK'S LAW DICTIONARY 1363 (7th ed. 1999) (defining the term "seize" as "to forcibly take possession of" and the term "seizure" as "the act . . . of taking possession of . . . property by legal right or process"). Possession requires the continued retention of the property. *See* Tex. Att'y Gen. Op. No. JC-0181 (2001) at 4 (defining the term "possession" ordinarily to mean "'the holding or having of something . . . as one's own, or in one's control; actual holding or occupancy, as distinct from ownership'") (quoting XII OXFORD ENGLISH DICTIONARY 172 (2d ed. 1989)); BLACK'S LAW DICTIONARY 1183 (7th ed. 1999) (defining the term "possession" to mean "[t]he fact of having or holding property in one's power; the exercise of dominion over property").

You next ask whether a peace officer "who takes possession of real or personal property seized pursuant to a tax warrant" is statutorily required to turn over possession to the tax assessor-collector. Request Letter, *supra* note 1, at 1. You believe that the answer "depends on (1) whether the property seized is real or personal, and (2) what the tax warrant states." Memorandum Brief, *supra* note 2, at 3.

With respect to seized personal property, a peace officer is not statutorily required to turn possession over to the assessor-collector. Under section 33.23(c), either the peace officer or the assessor-collector may "take possession of" the seized personal property "pending its sale." TEX. TAX CODE ANN. § 33.23(c) (Vernon 2001). Further, pending the property's sale, "the collector *or* peace officer" may ensure the property's security. *Id.* (emphasis added). A tax warrant may order a peace officer to turn personal property over to the assessor-collector, however.

On the other hand, a peace officer must turn the possession of seized real property over to the assessor-collector. Section 33.93(c) is unambiguous: "On issuance of a tax warrant, the collector shall take possession of the property pending its sale." *Id.* § 33.93(c) (Vernon Supp. 2004).

Although a peace officer is statutorily authorized to relinquish possession of seized personal property to the assessor-collector, you ask whether, if the peace officer does so, he or she may be indemnified for any loss of value that occurs to the property while it is in the assessor-collector's possession. *See* Request Letter, *supra* note 1, at 1. You suggest that section 102.002 of the Civil Practices and Remedies Code may permit a county to pay for the loss of value. *See* Memorandum Brief, *supra* note 2, at 4. Section 102.002 authorizes a local government to pay actual damages awarded against an employee if the damages occur in the course and scope of the employment and arise from an action for negligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 102.002(a) (Vernon Supp. 2004); *see id.* § 102.001(2) (defining the term "local government" to include a county). The section also authorizes the local government to pay "court costs and attorney's fees awarded against the employee." *Id.* § 102.002(b). You also cite as relevant section 7.003 of the Civil Practices and Remedies Code, which provides that, "[e]xcept as provided by [s]ection 34.061, an officer is not liable for damages resulting from the execution of a writ" if he or she acted in good faith and in accordance with the law and used "reasonable diligence in performing his official duties." *Id.* § 7.003(a) (Vernon 2002); *see* Memorandum Brief, *supra* note 2, at 5. In addition, you cite an attorney general opinion that, applying the common law and section 157.901 of the Local Government Code, approved a county's hiring of counsel to defend employees "where it was determined that a legitimate interest of the [c]ounty, and not just the [employees'] personal interests was at stake." Memorandum Brief, *supra* note 2, at 5 (citing Tex. Att'y Gen. LO-98-103, at 3). *But cf. White v. Eastland County*, 12 S.W.3d 97, 100-04 (Tex. App.–Eastland 1999, no pet.) (construing section 157.901, Local Government Code, to establish only a discretionary duty to furnish counsel to defend an employee against criminal charges); Tex. Att'y Gen. Op. No. JC-0294 (2000) at 9 (stating that a city may not pay the legal expenses of an official who is convicted of criminal charges).

Your question assumes that the officer is liable for the loss of value, although section 33.23 of the Tax Code clearly authorizes the tax assessor-collector, as well as an officer, to possess the property pending its sale. *See* TEX. TAX CODE ANN. § 33.23(c) (Vernon 2001). We do not understand how the officer could be liable for a loss of value that occurs during the tax assessor-collector's authorized possession of the property, and you do not explain the reasoning behind your assumption. Additionally, a constable, the peace officer at whose behest you appear to be asking this question, must, before taking office, execute a bond "conditioned that the constable will faithfully perform the duties imposed by law," set "in an amount of" between $500 and $1,500, inclusive. TEX. LOC. GOV'T CODE ANN. § 86.002(a) (Vernon 1999). If a constable is liable for a loss of value to personal property that occurs while the tax assessor-collector is holding the property, the bond should obviate any need for county indemnification. Given our doubts as to the accuracy of the assumption underlying your question, we decline to answer it.

You next ask who is responsible for preparing the inventory of seized personal property. *See* Request Letter, *supra* note 1, at 1. Brief descriptions of the personal property to be sold must be provided to the person against whom the warrant has been issued and to those persons the assessor-collector determines after reasonable inquiry have an interest in the seized property. *See* TEX. TAX CODE ANN. § 33.25 (Vernon Supp. 2004) (notice of tax sale for personal property).

The assessor-collector must provide "the peace officer charged with executing the warrant" with a written list of all persons the assessor-collector has determined have an interest in the property. *Id.* § 33.25(a). The peace officer then has a duty to deliver to the person against whom the warrant is issued and to the interested persons listed by the assessor-collector "a written notice stating the time and place of the sale and briefly describing the property seized." *Id.* While the peace officer clearly must deliver a brief description of the personal property to be sold, the statute does not clearly specify who must prepare the description.

The inventory must be prepared by either the peace officer or the tax assessor-collector. Case law suggests that, in general, the officer who executes the warrant inventories the seized property. *See Mara v. Branch*, 135 S.W. 661, 662 (Tex. Civ. App. 1911, no writ). This practice would serve to protect the officer should some item later be discovered missing, and it therefore serves a practical purpose. We consequently conclude that the officer who executes the warrant must prepare the inventory.

## C.    Sale of Seized Property

You ask who is authorized to hold the sale of property seized under a tax warrant and "to receipt and deliver the proceeds." Request Letter, *supra* note 1, at 1. Section 33.25, Tax Code, governs the sale of personal property, while section 34.01 governs the sale of real property. *See* TEX. TAX CODE ANN. §§ 33.25, 34.01 (Vernon Supp. 2004); Memorandum Brief, *supra* note 2, at 7.

As amended by the Seventy-eighth Legislature in 2003, section 33.25 indicates that, in general, seized personal property is sold "by the peace officer in the manner required for the sale under execution of personal property." TEX. TAX CODE ANN. § 33.25(a)(1) (Vernon Supp. 2004); *see* Act of May 30, 2003, 78th Leg., R.S., ch. 319, § 1, 2003 Tex. Gen. Laws 1350, 1350-51. "[I]n a county having a population of three million or more," however, the property may be sold "by the peace officer or collector, as specified in the warrant, in the manner required for the sale under execution of personal property" or "under an agreement" with an auctioneer. TEX. TAX CODE ANN. § 33.25(a)(2)(A)-(B) (Vernon Supp. 2004). Subsections (b) and (c) provide further for an agreement to have a sale conducted by an auctioneer or Internet service provider:

> (b) The commissioners court of a county having a population of three million or more by official action may authorize a peace officer or the collector for the county charged with selling property under this subchapter by public auction to enter into an agreement with a person who holds an auctioneer's license to advertise the auction sale of the property and to conduct the auction sale of the property. The agreement may provide for on-line bidding and sale.

> (c) The commissioners court of a county that authorizes a peace officer or the collector for the county to enter into an agreement under Subsection (b) may by official action authorize the peace officer or collector to enter into an agreement with a service provider to advertise the auction and to conduct the auction sale of the

property or to accept bids during the auction sale of the property under Subsection (b) using the Internet.

*Id.* § 33.25(b)-(c). Proceeds from the sale must be paid to the "collector designated in the tax warrant for distribution." *Id.* § 33.25(g); *see also id.* § 33.25(f) (providing for the distribution of the proceeds).

In a county the size of yours, section 33.25 appears to permit a county to authorize a peace officer or the tax assessor-collector to contract with an auctioneer, which contract may provide for "on-line bidding and sale" through an Internet service provider. *See id.* §§ 33.25(a)(2), (b), (c). If the seller is an auctioneer, it should pay the proceeds either to the peace officer, who must pay them to the assessor-collector, or directly to the assessor-collector, in accordance with the contract. An officer who receives proceeds from a third party or who receives proceeds as a result of having personally conducted the sale must pay them over to the assessor-collector. The assessor-collector must distribute the proceeds as section 33.25(f) directs. *See id.* § 33.25(g).

Section 34.01, which was also amended in 2003, directs that "[r]eal property seized under a tax warrant . . . shall be sold by the officer charged with selling the property, unless otherwise directed by the taxing unit that requested the warrant or order of sale or by an authorized agent or attorney for that unit." *Id.* § 34.01(a); *see* Act of May 30, 2003, § 8, 2003 Tex. Gen. Laws at 1354-55. Section 34.02(a) provides for the distribution of proceeds from the sale and requires that "any excess proceeds" must be paid by "[t]he officer conducting" the sale "to the clerk of the court issuing the warrant." TEX. TAX CODE ANN. § 34.02(d) (Vernon Supp. 2004).

You suggest that the term "officer" in section 34.01, which provides that seized real property "shall be sold by the officer charged with selling the property," must mean "peace officer," so that only a peace officer may sell the real property. *See* Memorandum Brief, *supra* note 2, at 9. Of course, the term "officer" does not stand alone—it is followed by the modifying phrase "charged with selling the property." TEX. TAX CODE ANN. § 34.01(a) (Vernon Supp. 2004). A writ of execution must "particularly describe the property" to be seized and "shall direct the officer to make the sale." TEX. R. CIV. P. 631. Given the entire phrase, we conclude that the real property must be sold by the officer whom the warrant charges with doing so. And, in accordance with section 34.02, the officer who is charged with conducting the sale must distribute the proceeds. *See* TEX. TAX CODE ANN. § 34.02(d) (Vernon Supp. 2004).

Penultimately, you ask us to delineate the periods of time during which a sale of seized personal property may be conducted. *See* Request Letter, *supra* note 1, at 1. You refer to rules 646a and 649 of the Texas Rules of Civil Procedure, which pertain to the sale of seized real and personal property. *See* TEX. R. CIV. P. 646a, 649; Memorandum Brief, *supra* note 2, at 9; *see also* Tex. Att'y Gen. Op. No. JC-0377 (2001) at 2 (referring to Texas Rules of Civil Procedure 621-656 with respect to a sale under section 34.01, Tax Code). Under rule 646a, "[r]eal property taken by virtue of any execution shall be sold at public auction, at the courthouse door of the county . . . on the first Tuesday of the month, between the hours of ten o'clock, a. m. and four o'clock, p. m." TEX. R. CIV. P. 646a. By contrast, rule 649, which pertains to the sale of personal property, does not specify a

time period during which the sale must be conducted, but pertains instead only to the location at which such sales must be conducted. *See id.* 649.

None of the statutes or rules to which you have referred us regulates the hours during which the sale of personal property must occur. In Harris County, in the event the sale is conducted by either the peace officer or tax assessor-collector, "as specified in the warrant," under section 33.25(a)(2)(A) of the Tax Code, we believe the sale may be conducted at any hour, unless the warrant specifies otherwise. *See* TEX. TAX CODE ANN. § 33.25(a)(2)(A) (Vernon Supp. 2004). If the sale is conducted under an agreement with an auctioneer under section 33.25(a)(2)(B)-(c), the sale may be conducted at any time, unless the agreement specifies otherwise. *See id.* § 33.25(a)(2)(B)-(c).

### D. The Constitutionality of Statutes Delegating Authority to a Tax Assessor-Collector

You finally ask whether the Tax Code provisions "that authorize a tax assessor-collector to seize property [are] a delegation of authority beyond that contemplated in the Texas Constitution." Request Letter, *supra* note 1, at 2. You state: "During the past legislative sessions and as highlighted by [House Bill] 3419, the historical roles and separation of duties between the tax assessor-collector and peace officer in the seizure and sale of land have been blurred." Memorandum Brief, *supra* note 2, at 10. Accordingly, you continue, "[q]uestions have arisen whether" an assessor-collector's "participation in the actual seizure, possession[,] and sale of property is unconstitutional." *Id.*

None of the Tax Code provisions we have examined here unconstitutionally delegate authority to a tax collector-assessor. Article VIII, section 14 of the Texas Constitution explicitly gives the legislature the task of defining an assessor-collector's authority: The "Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature." TEX. CONST. art. VIII, § 14. Similarly, the duties of both sheriffs and constables are fixed by the legislature. *See id.* art. V, § 23 (providing that sheriff's "duties . . . shall be prescribed by the Legislature"); *Neff v. Elgin*, 270 S.W. 873, 877 (Tex. Civ. App.–San Antonio 1925, writ ref'd) (same); Tex. Att'y Gen. Op. No. JM-519 (1986) at 3 (stating that a constable is a peace officer whose duties are determined by the legislature). Consequently, it is for the legislature to decide what duties an assessor-collector, a sheriff, and a constable are required or authorized to perform in the tax collection process.

### S U M M A R Y

A peace officer, as defined by article 2.12 of the Code of Criminal Procedure, may execute a tax warrant for the seizure of personal property under section 33.23 of the Tax Code, while a sheriff or constable is the only type of peace officer that may execute a tax warrant for seizure of real property under section 33.93 of the same code. Likewise, any peace officer may seize personal property that is the subject of a tax warrant, while a sheriff or constable may seize real property. Seizure requires possession or control of the property. A peace officer who seizes personal property is authorized, but not required, by statute to relinquish possession to the tax assessor-collector. On the other hand, section 33.93 requires the sheriff or constable to turn the possession of seized real property over to the assessor-collector.

Section 33.23 does not specify who is to prepare the inventory or personal property seized in accordance with a tax warrant. Consistent with case law and with practical considerations, the officer who executes the warrant must prepare the inventory.

In accordance with section 33.25 of the Tax Code, in a county the size of Harris County, the sale of seized personal property must be held (1) by either the peace officer or the tax assessor-collector, whomever the court has specified in the tax warrant; or (2) under an agreement authorized by the commissioners court, by an auctioneer or Internet service provider. *See* TEX. TAX CODE ANN. § 33.25(a)(2) (Vernon Supp. 2004). If the seller is an auctioneer or an Internet service provider, it should pay the proceeds either to the peace officer, who must pay them to the assessor-collector, or directly to the assessor-collector, in accordance with the agreement. An officer who receives proceeds from a third party or who receives proceeds as a result of having personally conducted the sale must pay them over to the assessor-collector. The assessor-collector must distribute the proceeds as section 33.25(f) directs.

Seized real property must be sold by "the officer charged with selling" it, unless directed otherwise by the taxing unit that requested the warrant. *Id.* § 34.01(a). The officer who conducted the sale must distribute the proceeds. *See id.* § 34.01(b).

Seized personal property may be sold at any time, unless the warrant or agreement with an auctioneer specifies otherwise.

None of the Tax Code provisions examined in this opinion unconstitutionally delegate authority to a tax collector-assessor.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
James E. Tourtelott
Assistant Attorneys General, Opinion Committee